Argued and submitted July 21, 1989, reversed and remanded March 21, 1990

## STATE OF OREGON,
*Appellant,*

*v.*

## MIKEL CAIN PANKO,
*Respondent.*

(88-1122; CA A50110)

788 P2d 1026

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Diane L. Alessi, Deputy Public Defender, Salem, argued the cause for respondent. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

## RICHARDSON, P. J.

Defendant was charged by indictment with two counts of driving while his license was suspended. The court granted his motion to suppress evidence that he was suspended, ruling that the stop of his vehicle was unlawful. The court also dismissed the indictment, pursuant to ORS 136.120. The state appeals both orders. ORS 138.060(1) and (3). We reverse.

The facts are not disputed. The arresting police officer was the only witness. While on patrol in Rockaway Beach, he saw a car parked near a motel, and there was no one in or around it. His attention was drawn to the vehicle because it was parked in soft sand where cars tended to get stuck. He radioed the vehicle license plate number to the police dispatcher, who then gave him defendant's name as the registered owner and said that the registered owner's license was suspended under circumstances that, if he were to drive, he would be committing a felony. ORS 811.182(3).

Later that evening, the officer saw the car being driven on a public street and followed it. He was able to see only the back of the driver's head and could not tell the driver's age or gender. When he stopped the car, defendant, the registered owner, was driving. The officer arrested him for driving while suspended.

■ The state first contends that the stop was lawful because, under all the circumstances, the officer had a reasonable suspicion that the driver of the car was the registered owner and was committing the felony of driving while suspended. ORS 131.615(1). The state cites *State v. Wright*, 85 Or App 545, 737 P2d 646 (1987), as a basis for its argument. In *Wright*, we said:

> "A peace officer who has probable cause to believe that the registered owner of a vehicle which he sees being driven on a public roadway has a suspended driver's license, has reason to believe that the driver is committing the offense of driving while suspended. Therefore, he would be justified in stopping the vehicle, unless, of course, the driver's observable physical characteristics, such as sex or age, or other circumstances put the officer on notice that the driver is not the vehicle's owner." 85 Or App at 549.

The trial court concluded, as defendant argues, that the statement in *Wright* is *dictum* and that, in any event, the officer lacked a reasonable basis to conclude that the registered owner was driving the car unless there was additional information to confirm that conclusion.

Whether or not the quotation from *Wright* is *dictum,* it is a correct legal conclusion on the facts postulated. The articulable facts that will support a reasonable suspicion are less than are required to support a probable cause determination. It certainly is reasonable for the officer to suspect that the registered owner of a vehicle is driving it. If he knows that the owner is suspended, he may make a stop under ORS 131.615, unless other circumstances put him "on notice that the driver is not the vehicle's owner." The stop was lawful, and the court erred in granting defendant's motion to suppress.

■     The state also contends that the court erred by dismissing the indictment. Defendant concedes that the court erred, and we agree. *State v. Mueller,* 96 Or App 185, 772 P2d 433 (1989); *State v. Hoare,* 20 Or App 439, 532 P2d 240 (1975).

Reversed and remanded.