Argued and submitted November 2, reversed and remanded to LUBA for
reconsideration in part; otherwise affirmed December 2, 1992

# 1000 FRIENDS OF OREGON,
*Respondent,*

*v.*

# MARION COUNTY,
*Respondent below,*

*and*

Jon ISBERG
and Dolores Isberg,
*Petitioners.*

(LUBA 92-085; CA A76830)

842 P2d 441

Robert L. Engle, Woodburn, argued the cause for petitioners. With him on the brief was Engle & Schmidtman, Woodburn.

F. Blair Batson and Mary Kyle McCurdy, Portland, filed the brief for respondent.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Marion County approved a comprehensive plan amendment, zone change and conditional use permit to allow petitioners[1] to expand an existing recreational vehicle (RV) park by installing 77 vehicle spaces and support facilities on land that is currently designated exclusive farm use and that has been used for growing Christmas trees. The county took "reasons," "built" and "committed" exceptions to Goal 3 to support its decision. ORS 197.732; OAR 660-04-020; OAR 660-04-022; OAR 660-04-025; OAR 660-04-028. 1000 Friends of Oregon sought review by LUBA, which held that the county erred in connection with each of the exceptions and by not taking a "proper" exception to Goal 14. We conclude that LUBA erred in one particular and remand.

The county's "reasons" exception was based on its determination that there was a demonstrated need for additional RV spaces along the I-5 corridor in the part of the county where petitioners' property is located. OAR 660-04-022(1)(a). 1000 Friends of Oregon contended that the county's findings in support of that determination were not supported by substantial evidence in the whole record. LUBA agreed, explaining:

"There is evidence in the record that the existing RV park owned by [petitioners] has turned away potential RV customers on a regular basis due to a lack of space. There is evidence in the record that, at least as of 1989, another RV park located along the I-5 corridor (Champoeg park) is often full. However, there is also evidence in the record that a relatively new RV park with 141 spaces has been established since 1989, a few miles to the south of [petitioners'] RV park, near I-5 in the City of Woodburn (Woodburn RV park). Respondents cite the following statement by [petitioners'] land use consultant to establish that the Woodburn RV park cannot accommodate freeway travelers:

'* * * Two new RV parks have been built and are operating at capacity. * * *'

"However, this conclusory statement fails to identify the RV parks to which it refers. Even if one were to assume that this statement refers to the Woodburn RV park and the Salem RV park (discussed below), there is nothing to which we are cited

---

[1] We refer to the applicants as "petitioners," their designation in this court.

that provides a basis for the conclusion. There is no other evidence establishing whether the Woodburn RV park has turned away potential RV customers because it is full. Further, there is evidence that there is a RV park (Salem RV park) within the Salem urban growth boundary near the Santiam Highway exit from I-5. Nothing in the record, other than the consultant's conclusion quoted above, establishes that the Salem RV park is at capacity and cannot adequately serve the needs of the RV traveling public. Respondents argue the Salem RV park may, at some point in the future, be displaced because of possible future freeway improvements. However, this does not establish that the Salem RV park is not unable to serve any identified need. Nor does it address whether the Salem RV park will be able to relocate if necessary in the future, and continue to accommodate the traveling RV public. Accordingly, we agree with petitioner that a reasonable person would not conclude that there exists a need for additional RV spaces along the I-5 corridor, based on the evidence in the whole record." (Footnotes omitted.)

Petitioners contend that LUBA exceeded its scope of review, as defined in *Younger v. City of Portland*, 305 Or 346, 752 P2d 262 (1988), and essentially reweighed the evidence and substituted its own finding for the county's. Under *Younger*, the courts and LUBA, in reviewing agency and local government findings, must "evaluate the substantiality of supporting evidence by considering all the evidence in the record," 305 Or at 356, including evidence that detracts from the finding as well as evidence that lends support to it. However, the court cautioned:

"We emphasize that the question LUBA is to decide on remand is simply whether, in light of all evidence in the record, the city's decision was reasonable. * * * ORS 183.482(8)(c) ('Substantial evidence exists to support a finding of fact when the record, viewed as a whole, would permit a reasonable person to make that finding.'). Obviously, for a decision to be reasonable, it need not be the decision that LUBA would have made on the same evidence." 305 Or at 360. (Citations omitted.)

In *Garcia v. Boise Cascade Corp.*, 309 Or 292, 787 P2d 884 (1990), the court reiterated that, in our direct review of agency findings, the same standard that applies to LUBA's substantial evidence review obtains, and it is not equivalent

to *de novo* review. *See also Armstrong v. Asten-Hill Co.*, 90 Or App 200, 206, 752 P2d 312 (1988).

*Younger* also holds that, in contrast to our direct review of agency orders, we do not repeat LUBA's exercise when we consider challenges to its rulings that local findings are or are not supported by substantial evidence. Rather, we determine only "whether LUBA has correctly understood and applied the appropriate standard of review." 305 Or at 360; *see Cusma v. City of Oregon City*, 92 Or App 1, 757 P2d 433 (1988).

President Kennedy once observed that it is easy enough for those who do not have the responsibility for implementing what they say to talk. The line between reweighing evidence and determining substantiality in the light of supporting and countervailing evidence is either razor thin or invisible to tribunals that must locate it, as distinct from tribunals that tell others to find it. We nevertheless conclude that, in determining that the county's finding of demonstrated need is not supported by substantial evidence, LUBA gravitated to the wrong side of the line.

■   LUBA dismissed petitioners' consultant's testimony as "conclusory" and as not identifying the two RV parks to which it referred. However, LUBA acknowledged that there was other evidence in the record from which it is apparent that the identity of the parks could be inferred. The fact that the testimony was conclusory goes to its weight, not its sufficiency. Although weight may not be entirely or invariably immaterial in the *Younger* calculus, the consultant's testimony here, when viewed with the other evidence in the record identified by LUBA, is not beyond the ambit of a reasonable person's belief. We conclude that LUBA misapplied the *Younger* standard of review in rejecting the county's finding of a demonstrated need. We do not foreclose the possibility that LUBA may re-evaluate the substantiality of the evidence on remand or may reconsider whether the same legal conclusion follows independently of the substantial evidence question. We hold only that the present decision exceeds its permissible scope of review.

■   LUBA also concluded that the reasons exception was erroneous, because the county failed to give adequate

consideration to whether alternative nonresource sites or sites that require no new exception or sites that are inside urban growth boundaries can accommodate the use. OAR 660-04-020(2)(b). Petitioners assign error to that facet of LUBA's ruling. Although petitioners and, to some extent, LUBA treated the subject presented by this and some of the remaining assignments as involving substantial evidence questions, we think that the dispositive issue in each instance is something other than one of evidentiary support. Here, the issue is whether the county's findings and conclusions were sufficient to show that an applicable legal standard was met. We find no error in LUBA's conclusion that they were not.[2]

Similarly, we conclude that LUBA's rejection of the county's "built" and "committed" exceptions, which petitioners also challenge, was based on legal conclusions that LUBA reached and applied to the facts, not on the evidentiary support for the county's factual findings. We agree with LUBA's conclusions in both cases. We also agree that the county was required to and did not take an adequate exception to Goal 14. *See 1000 Friends of Oregon v. LCDC (Curry Co.)*, 301 Or 447, 724 P2d 268 (1986).

Ultimately, a remand to the county will be necessary on each of the three grounds for the Goal 3 exception and on the Goal 14 exception. On the reasons exception issue, LUBA made two rulings, one of which we have sustained and the other of which we have concluded is incorrect in its present posture. Although either ruling alone, if correct, could serve as an independent basis for concluding that the exception as taken is not affirmable, we must remand to LUBA for it to determine whether to remand one or both of the questions for reconsideration by the county, should it desire to take another reasons exception. We emphasize that we affirm

---

[2] Petitioners also place some reliance on a provision of the county's comprehensive plan in connection with their argument that the reasons exception was sufficient. LUBA noted, correctly, that the local provision "lends [no] support to [petitioners'] position." The sufficiency of the exception to a statewide planning goal, taken in conjunction with a comprehensive plan amendment, is a question of state law to be answered by reference to ORS 197.732, LCDC's implementing rules and the applicable goals themselves. *See* ORS 197.835(4); *Forster v. Polk County*, 115 Or App 475, 839 P2d 241 (1992); *Kenagy v. Benton County*, 115 Or App 131, 838 P2d 1076 (1992).

LUBA's decision on each issue except the one presented by the assignment of error first discussed in this opinion.

Reversed and remanded to LUBA for reconsideration of county's finding of demonstrated need; otherwise affirmed.