On petitioner's petition for reconsideration filed August 20, reconsideration allowed; opinion (149 Or App 417, 943 P2d 1106) amplified and adhered to October 22, 1997, petition for review denied April 14, 1998 (327 Or 83)

## TIGARD SAND AND GRAVEL, INC.,
*Petitioner,*

*v.*

## CLACKAMAS COUNTY,
Stafford Alliance for the Environment,
an Oregon non-profit corporation ("SAFE"),
Far West Clackamas County CPO,
Hon. Katharine English, Charles Gault,
Larry Edelman, John Prince,
Claudia Navaratril, Carla Green,
Cindy Tyree, Kay Jewett, Yvonne Jacobs,
Ruth Hardie and Theonie Gilmore,
*Respondents.*

(LUBA No. 96-182; CA A97209)

949 P2d 1225

Michael J. Lilly for petition.

Jeffrey L. Kleinman *contra*.

Before Deits, Chief Judge, and De Muniz and Haselton, Judges.

DEITS, C. J.

**DEITS, C. J.**

Petitioner seeks reconsideration of our opinion, 149 Or App 417, 943 P2d 1106 (1997), in which we affirmed LUBA's decision upholding a Clackamas County hearings officer's determination that petitioner's nonconforming use of a rock quarry had been lost through interruption and abandonment.[1] Petitioner argues that we misunderstood and therefore did not correctly analyze its second assignment of error. We amplify our opinion and adhere to it.

We quote the discussion of that assignment from our original opinion in its entirety:

"Petitioner also argues, in its second assignment, that the hearings officer's findings were not supported by substantial evidence in a number of particulars. Petitioner's principal contentions take the form of descriptions of particular items or general types of evidence, which, petitioner asserts, were given too little or too much weight by the hearings officer or, in some instances, were not understood correctly by the hearings officer. Petitioner makes corresponding contentions about LUBA's evaluation of the evidence in the whole record.

"Stripped to its essentials, petitioner's argument consists mainly of assertions about the credibility and weight of specific evidence. However, LUBA does not review local findings *de novo*, nor is it permitted to weigh the evidence independently in conducting its substantial evidence review. *1000 Friends of Oregon v. Marion County*, 116 Or App 584, 842 P2d 441 (1992) (substantial evidence review is not *de novo* and does not entail or permit reweighing of evidence by LUBA); *see also Cusma v. City of Oregon City*, 92 Or App 1, 757 P2d 433 (1988) (this court's review of LUBA's substantial evidence determinations is generally limited to deciding whether LUBA correctly understood and applied the legal test). Petitioner's argument fails insofar as it depends on assertions that depend on a broader scope of review than either LUBA or we have.

"However, as noted, petitioner's argument appears also to be premised in part on the view that the county, LUBA or

---

[1] The facts and discussion set forth in that opinion will not be repeated except as needed.

both misunderstood the substance or the import of particular items of evidence. Assuming that that aspect of petitioner's argument might provide a basis for reversal if it were correct, it is not. Our review of the original evidence in the record indicates to our satisfaction that the county and LUBA understood the evidence in question sufficiently and, in the instances where petitioner's understanding differs, the county and LUBA understood it as well or better than petitioner does." 149 Or App at 424-25.

Petitioner contends:

"Petitioner's brief to the Court of Appeals discussed the evidence, not for the purpose of asking this Court to re-weigh that evidence, but rather to inform the Court of the nature of evidence relied upon by the [county] Hearings Officer in making his decision, and to point out that LUBA failed to consider whether it was reasonable to rely upon evidence of that nature when it was directly contradicted by evidence of the type submitted by Petitioner. (See Petitioner's brief, pp. 12-17.) Petitioner's argument does not require or request that this Court evaluate individual items of evidence. Rather, Petitioner is asking the Court to remand the case to LUBA because LUBA failed to consider the nature of the evidence submitted to the Hearings Officer. Without examining the nature of the evidence, LUBA could not determine whether the Hearings Officer's conclusions were supported by substantial evidence in the record."

Petitioner relies for the distinction it makes on our statement in *1000 Friends of Oregon v. LCDC (Lane Co.)*, 83 Or App 278, 286, 731 P2d 457 (1987), *aff'd in part, rev'd in part* 305 Or 384, 752 P2d 271 (1988):

"Our cases do not hold, however, that *any* evidence whatever is substantial. Rather, we look at the nature of the evidence to determine whether it is 'such proof as a reasonable mind would employ to support a conclusion.' * * * When the evidence consists of an opinion whose foundation is unclear or which is inconsistent with the information on which it is based, we have held that the evidence was not substantial. * * * That particular evidence was not taken under oath or subject to cross-examination also affects its substantiality."[2] (Emphasis in original; internal citations omitted.)

_____

[2] Petitioner does not rely on or, for that matter, cite the Supreme Court's decision on review of our decision in *1000 Friends of Oregon*. The Supreme Court

However, we also said in *1000 Friends of Oregon* that substantial evidence review does not entail or permit the reviewing tribunal to reweigh or to assess the credibility of the evidence that was presented to the factfinding body. 83 Or App at 285, 286. *See also Garcia v. Boise Cascade Corp.*, 309 Or 292, 787 P2d 884 (1990); *Younger v. City of Portland*, 305 Or 346, 752 P2d 262 (1988).

We have reexamined the six-page section of petitioner's brief that its petition cites, and we remain persuaded that our opinion correctly decides the argument that petitioner makes there. Although petitioner characterizes the argument as one asserting that LUBA failed to make an adequate inquiry into the nature and quality of the competing evidence that was before the county hearings officer, what the argument actually does instead is set forth numerous items of specific evidence and posit that, for one reason or another, the items that are contrary to the hearings officer's findings should have been given more weight or been deemed more credible than the evidence that tends to support the findings.

Regardless of how petitioner may *label* its argument, however, it asks us *in substance* to reweigh the specific evidence it discusses and, in turn, to remand the case to LUBA to explain why the particular evidentiary items should or should not be given more or less weight than the county factfinder gave them. Further, in more instances than not, petitioner's reasons for contending that the hearings officer weighed the evidence incorrectly include or emphasize the credibility to which petitioner feels the evidence was or was not entitled. Its description of its argument notwithstanding, what petitioner in fact asks us to do is to review the evidence in a manner that exceeds our authority and to remand the case to LUBA to review the evidence in a manner that exceeds its authority.

Reconsideration allowed; opinion amplified and adhered to.

---

generally affirmed our decision on the substantial evidence questions in the case. For purposes of this opinion, we conclude that the differences between the Supreme Court's opinion and ours are not substantial in any way that bears on the disposition of petitioner's arguments.