Argued and submitted March 19, reversed and remanded with instructions
April 25, 2001

In the Matter of the Suspension of
the Driving Privileges of

CHARLES LYNN GOLLIHER,
*Respondent,*

*v.*

DRIVER AND MOTOR VEHICLE
SERVICES DIVISION (DMV),
*Appellant.*

(16-00-00965; CA A110259)

22 P3d 780

Denise G. Fjordbeck, Assistant Attorney General, argued the cause for appellant. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

No appearance for respondent.

Before Linder, Presiding Judge, and Brewer, Judge, and Ceniceros, Senior Judge.

LINDER, P. J.

## LINDER, P. J.

The Oregon Driver and Motor Vehicle Services Division of the Department of Transportation (DMV) appeals from a circuit court judgment setting aside DMV's suspension of petitioner's driving privileges. On appeal, the only issue presented is whether substantial evidence supports DMV's order. ORS 813.450(4)(c). We conclude that the order is supported by substantial evidence. We therefore reverse the circuit court's judgment and remand with instructions to reinstate the suspension order.

DMV suspended petitioner's driving privileges after he was arrested for driving under the influence of intoxicants (DUII) and refused to take a breath test. Petitioner requested a hearing to challenge the suspension. Officer Conrad, the arresting officer, was the only witness subpoenaed to testify at the hearing about the events leading up to the arrest. Regarding the initial stop, he testified that petitioner had already been stopped by Sergeant Carpenter when Conrad arrived at the scene and that Carpenter had advised Conrad that Carpenter had probable cause to arrest petitioner for driving while suspended (DWS). While cross-examining Conrad at the hearing, petitioner's counsel read a portion of Carpenter's report to him. That report described how, after following petitioner's vehicle from the scene of a driver dispute near a Bi-Mart to a private driveway, "[t]he vehicle drove into the garage at that point, and I was directly behind it, and I could see that it was a male driver. * * * At that point, I felt I had probable cause to stop the vehicle because of the misdemeanor driving status of the registered owner." Petitioner's counsel then questioned Conrad about whether dispatch relayed the information that petitioner's driving privileges were suspended before or after the stop. Conrad acknowledged that he heard dispatch indicate that petitioner was suspended, but he did not know at what point that happened because, before arriving at the scene, Conrad was on another call with an armed subject. During closing argument, petitioner's counsel took the position that Carpenter unlawfully stopped petitioner because he did not learn that petitioner was suspended until after stopping him.

The hearing officer rejected that argument, specifically finding that, "after observing that the driver of the vehicle was a male, the sergeant initiated a traffic stop for suspicion of misdemeanor driving while suspended (DWS), which the sergeant learned about prior to the stop." Based in part on that finding, the hearing officer concluded that the stop was lawful and affirmed DMV's order suspending petitioner's driving privileges.

■     Pursuant to ORS 813.450, petitioner sought judicial review of DMV's order in the circuit court, renewing the argument that he made at the hearing challenging the legality of the stop. Specifically, petitioner relied on Conrad's testimony, which he characterized as being inconsistent with Carpenter's report, to support his version of the sequence in which the relevant events occurred. In response, DMV argued that there was substantial evidence to support the hearing officer's determination that the stop was valid. DMV particularly relied on Carpenter's report to urge that Carpenter learned of petitioner's driving status prior to the stop. DMV argued that Conrad's testimony was simply uncertain on that point, rather than inconsistent with Carpenter's report.

The circuit court ruled in favor of petitioner and set aside the order affirming petitioner's suspension "based upon the finding pursuant to ORS 813.450(4)(c) that the Order is not supported by substantial evidence in the record." The court did not explain its reasoning further. On appeal, DMV argues that the record contains substantial evidence to support the hearing officer's finding of fact that Carpenter learned about the status of petitioner's driving privileges before the stop. We agree.

■■     ORS 813.450 prescribes the conditions under which the circuit court and this court, upon review, may affirm, reverse, or remand an order of the Department of Transportation. ORS 813.450(4)(c) provides that the court shall set aside or remand an order of the department "if it finds that the order is not supported by substantial evidence in the record." Substantial evidence to support a finding of fact exists "when the record, viewed as a whole, would permit a reasonable person to make that finding." ORS 183.482(8)(c). As we

previously have explained, substantial evidence review "does not entail or permit the reviewing tribunal to reweigh or to assess the credibility of the evidence that was presented to the factfinding body." *Tigard Sand and Gravel, Inc. v. Clackamas County*, 151 Or App 16, 20, 949 P2d 1225 (1997), *rev den* 327 Or 83 (1998) (citations omitted). Likewise, when a court reviews an agency order that embodies inferences for substantial evidence, the court may not substitute its judgment for that of the agency as to which of two or more permissible inferences should be drawn. *City of Roseburg v. Roseburg City Firefighters*, 292 Or 266, 271, 639 P2d 90 (1981). Instead of asking whether a reasonable person could have made different findings and reached a contrary conclusion, the inquiry is limited to whether a reasonable person could have made the findings supporting the hearing officer's decision. *See Shakerin v. MVD*, 101 Or App 357, 360, 790 P2d 1180 (1990) (citing *Garcia v. Boise Cascade Corp.*, 309 Or 292, 296, 787 P2d 884 (1990)). Thus, as applied to this case, substantial evidence to support the hearing officer's conclusion that the stop was lawful requires only that the record contain evidence from which the hearing officer reasonably could infer that Carpenter knew about petitioner's driving status before stopping him.

In *State v. Panko*, 101 Or App 6, 788 P2d 1026 (1990), we described what is required for a police officer to stop a driver for DWS:

> "The articulable facts that will support a reasonable suspicion are less than are required to support a probable cause determination. It certainly is reasonable for the officer to suspect that the registered owner of a vehicle is driving it. If he knows that the owner is suspended, he may make a stop under ORS 131.615, unless other circumstances put him 'on notice that the driver is not the vehicle's owner.' "

*Id.* at 9 (quoting *State v. Wright*, 85 Or App 545, 549, 737 P2d 646 (1987)). Here, Carpenter's report indicated that, after he observed that the driver of the vehicle was a male, he believed he had probable cause to stop the vehicle because of the misdemeanor status of the registered owner. Also, Conrad testified that Carpenter advised him that Carpenter had probable cause to arrest petitioner for DWS. Conrad explained that, at the time dispatch relayed information

about the status of petitioner's driving privileges, Conrad was assisting in another arrest. As a result, Conrad did not know whether dispatch informed Carpenter about that fact before or after the stop. Contrary to petitioner's position below,[1] however, Conrad's testimony neither contradicted Carpenter's report nor clearly established that the vehicle was stopped before police learned about the status of petitioner's driving privileges. In all events, any uncertainty on Conrad's behalf does not detract from the report itself, which supports the hearing officer's specific findings of fact. From the record as a whole, the hearing officer was entitled to infer that Carpenter knew that the owner was suspended before he made the stop.[2] Therefore, the stop was lawful, and the circuit court erred in setting aside DMV's suspension of petitioner's driving privileges.

Reversed and remanded with instructions to reinstate suspension order.

---

[1] Because petitioner has waived appearance on appeal, we have reviewed and considered the arguments he advanced to the circuit court.

[2] In an exercise of caution, the state's brief discusses whether the cross-examination of Conrad, in which petitioner's counsel read a portion of Carpenter's report, properly may be considered evidence of the report's contents. We need not decide that question, however. The hearing officer specifically relied on the contents of Carpenter's report in determining that the stop was lawful. In seeking review by the circuit court, petitioner did not dispute that the contents of Carpenter's report were properly in evidence. At the hearing before the circuit court, the parties apparently assumed that the report was properly in evidence and disagreed only about how much weight the hearing officer should have attributed to it in light of Conrad's testimony. Thus, whether the report properly was treated as "in evidence" by both the hearing officer and the parties simply was not—and therefore is not now—an issue in the case.