Argued and submitted April 14, affirmed June 10, 2015

## S. ST. HELENS, LLC,
*Petitioner,*

*v.*

## CITY OF ST. HELENS,
*Respondent.*

### Land Use Board of Appeals
2014067; A158742

352 P3d 746

Andrew H. Stamp argued the cause for petitioner. With him on the brief was Andrew H. Stamp, P.C.

Timothy V. Ramis argued the cause for respondent. With him on the brief was Jordan Ramis PC.

Before Duncan, Presiding Judge, and Lagesen, Judge, and Flynn, Judge.

FLYNN, J.

**FLYNN, J.**

Petitioner seeks review of a decision by the Land Use Board of Appeals (LUBA) that affirmed the City of St. Helens' denial of petitioner's application for a sensitive lands permit to remove rock from a wetland protection area. We conclude that LUBA properly understood and applied the correct standard of review and affirm its decision.

A detailed recitation of the facts of this case is unnecessary for purposes of explaining our decision. Petitioner owns property within the City of St. Helens that is zoned "Apartment Residential" (AR) or "General Residential" (R5). A significant part of the property is a camas basalt bluff, which sits at a much higher grade than the surrounding property. Petitioner proposed to remove the basalt bluff as well as basalt below the grade of the surrounding property, and to then add fill that would level the property for the development of duplexes.

Because petitioner's proposal would have required removal of rock within a protected wetland area, petitioner applied for a sensitive lands permit. The city denied the permit on the alternative grounds that (1) petitioner's proposed excavation constituted "natural mineral resources development" under the city's code, which was not allowed in the AR or R5 zones, and (2) even if the excavation of basalt was not "natural mineral resources development," it nevertheless was not a "listed" use in AR or R5 zones and did not meet the criteria for approval as an unlisted use. LUBA affirmed the city's decision.

On judicial review, petitioner argues that LUBA erred in various respects by approving the city's denial of petitioner's permit application. To the extent that petitioner's arguments are directed at LUBA's view of the evidence, including evidence that petitioner would be engaged in "mining," those arguments fail under our standard of review. As we explained in *Stevens v. City of Island City*, 260 Or App 768, 772, 324 P3d 477 (2014), our role on review is limited:

"When reviewing a land use decision, LUBA may reverse or remand the local government's decision if the decision is

based on facts that are 'not supported by substantial evidence in the whole record.' ORS 197.835(9)(a)(C). If, viewing the record as a whole, a reasonable person could make the disputed factual finding, then the finding is supported by substantial evidence. *Wetherell v. Douglas County*, 209 Or App 1, 4, 146 P3d 343 (2006) (citing *Younger v. City of Portland*, 305 Or 346, 360, 752 P2d 262 (1988)). So long as that standard is met, LUBA cannot substitute its view of the evidence for that of the local government. *1000 Friends of Oregon v. Marion County*, 116 Or App 584, 587, 842 P2d 441 (1992) (citing *Younger*, 305 Or at 360).

"Our role on judicial review of LUBA's order is even more circumscribed: We examine whether LUBA has applied the proper substantial-evidence standard of review. *Citizens for Responsibility v. Lane County*, 218 Or App 339, 344, 180 P3d 35 (2008). '[W]here LUBA has properly understood and applied the "substantial[-]evidence" test * * *, a reviewing court should affirm its order, notwithstanding the reviewing court's disagreement with LUBA as to whether the evidence is "substantial."' *Younger*, 305 Or at 358-59. Thus, where LUBA properly articulates its substantial-evidence standard of review under ORS 197.835(9)(a)(C), we will not reverse its determination unless there is no evidence to support the finding or if the evidence in the case is 'so at odds with LUBA's evaluation that a reviewing court could infer that LUBA had misunderstood or misapplied its scope of review.' *Id.* at 359."

In this case, LUBA correctly articulated the substantial-evidence standard of review, and we are not persuaded that LUBA misunderstood or misapplied that standard.

Petitioner also challenges LUBA's interpretation of the term "natural mineral resources development," as used in the city code, to include petitioner's proposed excavation of basalt. We are inclined to agree with LUBA's interpretation; however, we need not conclusively resolve that question because LUBA affirmed the city's denial on an alternative and independent ground. LUBA explained:

"[T]he planning commission also adopted an alternative finding * * *.

"'In the alternative, assuming that the applicant's proposed blasting and removal of 400,000 to 500,000 cubic yards of camas basalt is not properly classified

as natural mineral resources development within the scope of [St. Helens Municipal Code] 17.32.140(2)(i), the Planning Commission has reviewed the lists of uses allowed in the R-5 and AR zones, and finds that the proposed blasting and extraction of rock and gravel is not on those lists.'

"The above alternative finding is an adequate basis, by itself, for the planning commission to deny the Proposal, without regard to whether the planning commission correctly found the Proposal qualifies as 'natural mineral resources development.' The above alternative finding is that even if the Proposal is accurately characterized as rock removal that does not for some reason also qualify as 'natural mineral resources development,' rock removal of the volume and scope proposed in the Proposal is not a use that is allowed in the AR or R5 zone. The alternative finding is adequate and supported by substantial evidence, and requires that we affirm the city's decision."

Petitioner does not present a developed or coherent challenge to that part of LUBA's decision, so provides no ground for us to reverse LUBA's alternative basis for affirming the city's decision. *See Beall Transport Equipment Co. v. Southern Pacific*, 186 Or App 696, 700 n 2, 64 P3d 1193, *adh'd to as clarified on recons*, 187 Or App 472, 68 P3d 259 (2003) ("[I]t is not this court's function to speculate as to what a party's argument might be. Nor is it our proper function to make or develop a party's argument when that party has not endeavored to do so itself."). Because we affirm LUBA's alternative and independent basis for its decision, it is unnecessary for us to decide whether LUBA correctly interpreted the term "natural mineral resources development."

In affirming LUBA's decision, we observe, as did LUBA, that nothing in the city's decision precludes petitioner from seeking to develop its property under a different proposal. LUBA explained:

"We have no reason to believe the planning commission would not agree with petitioner that a more modest proposal to remove only as much rock as necessary to permit reasonable and functional access to the developable portions of the top of the bluff that complies with city street grade and ADA requirements, along with additional excavation and grading of the top of the bluff as necessary to permit

utilities and residential construction, is properly viewed a part of such residential development rather than a basalt mine. But the Proposal goes considerably beyond what the city might be obligated to view as simply the grading and excavation necessary to permit residential development of the property."

Although petitioner has less confidence in the feasibility of—and the city's receptiveness to—a "more modest proposal," we agree with LUBA that nothing in this case prevents petitioner from pursuing such a proposal in the future.

Affirmed.