***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted February 14, affirmed May 10, 2023

Elizabeth BACKER,
Brianna Kampstra, and
Jacquelene Hilfiker,
*Petitioners,*

*v.*

CITY OF SALEM
and Kehoe Northwest Properties, LLC,
*Respondents.*

Land Use Board of Appeals
2022053; A180271

Charles W. Woodward, IV filed the brief for petitioners.

Garrett H. Stephenson, Bailey M. Oswald and Schwabe, Williamson & Wyatt, P.C. filed the brief for respondent Kehoe Northwest Properties, LLC.

No appearance for respondent City of Salem.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

SHORR, P. J.

Affirmed.

SHORR, P. J.

Petitioners seek judicial review of a final opinion and order of the Land Use Board of Appeals (LUBA) that affirmed the City of Salem's approval of a tentative plan for a phased subdivision. Petitioners raise two assignments of error and contend that LUBA's order should be reversed and remanded.[1] In the first assignment, petitioners assert that LUBA erred in affirming the city's application of Salem Revised Code (SRC) 808.035(d)(2), which pertains to the removal of significant trees, and in the second assignment, petitioners assert that LUBA erred in affirming the city's application of SRC 205.010(d)(7), which relates to impacts to the transportation system. We affirm LUBA's opinion and order.

The underlying facts are undisputed. In July 2021, respondent Kehoe Northwest Properties, LLC (Kehoe) filed an application for a tentative subdivision plan of an approximately 30-acre property in south Salem. In November, the planning administrator approved the plan. The city council then began its review of that decision and held a public hearing and received public testimony. A design alternative was proposed by opponents, which involved realignment of a street to avoid removing some of the significant trees that were to be removed under Kehoe's original application; however, that alternative was ultimately rejected by the city.[2] In February 2022, the city council voted to reverse the planning administrator's decision and deny the phased subdivision tentative plan. Kehoe requested an opportunity to offer an amendment to the plan and additional conditions of approval. The original application materials proposed removing 17 significant trees to create 138 lots; the revised application materials proposed the removal of six significant trees and to create 125 lots.[3] In March 2022, the city

---

[1] The City of Salem does not appear on review.

[2] The record before LUBA included various correspondence regarding the opponents' proposal to shift the road, including a letter dated March 21, 2022, asserting, in part, that the opponents' alternative design, which would preserve all significant trees, conformed to the Public Works Street Design requirements and was reasonable.

[3] SRC chapter 808 contains code provisions that "provide for the protection of heritage trees, significant trees, and trees and native vegetation in riparian corridors, as natural resources for the City, and to increase tree canopy over time by requiring tree preservation and planting of trees in all areas of the City." SRC 808.001.

council reconsidered the application and voted to approve the revised application. Petitioners petitioned for review of the city's decision by LUBA, and LUBA affirmed.

Before LUBA, petitioners argued that the city had misconstrued applicable law and made inadequate findings not based on substantial evidence regarding whether the application complied with SRC 808.035(d)(2). At the time Kehoe's application was deemed complete, SRC 808.035(d) stated, in part:

> "An application for a tree conservation plan shall be granted if the following criteria are met:
>
> "* * * * *
>
> "(2)   No significant trees are designated for removal, unless there [are] no reasonable design alternatives that would enable preservation of such trees[.]"[4]

In their first assignment to LUBA, petitioners argued that Kehoe had not offered any design alternative—that the only design alternative proffered was by the public—and that Kehoe had failed to carry its burden of proving that no reasonable design alternatives to preserve all of the significant trees were possible. Petitioners also argued to LUBA that the city's decision to reject the public's design alternative was not supported by evidence in the record.

In their second assignment to LUBA, petitioners argued that the city had misconstrued applicable law and made inadequate findings not based on substantial evidence regarding whether the application complied with SRC 205.010(d)(7). SRC 205.010(d) contains the criteria for approval of a tentative subdivision plan—if all of the criteria are met, then the plan "shall be approved." The criterion at issue here is that "[t]he tentative subdivision plan mitigates impacts to the transportation system consistent with the approved traffic impact analysis, where applicable." SRC 205.010(d)(7).

LUBA's final opinion and order rejected petitioners' assignments. LUBA agreed with Kehoe that "nothing in the

---

[4]  That provision has since been renumbered, but not substantively amended. We refer to the version in effect at the time of the application.

express language of SRC 808.035(d)(2) requires an appli-
cant to propose multiple design alternatives to prove that
no reasonable design alternative exists" and that the city's
interpretation of that code provision is entitled to deference,
citing ORS 197.829(1)(a) and *Siporen v. City of Medford*,
349 Or 247, 243 P3d 776 (2010).[5] LUBA rejected petitioners'
contention that the city had shifted the burden of proof
to petitioners, determining that the city had "reached the
conclusion that opponents' proposed alternative was not
a reasonable design alternative because it would require
excessive grading or topographical alterations." LUBA also
rejected petitioners' argument that the city's conclusion
that opponents' design alternative was not reasonable was
not supported by substantial evidence, and explained that
under ORS 197.828(2)(a), "[t]he existence of evidence in the
record supporting a different decision shall not be grounds
for [LUBA to reverse] or remand if there is evidence in the
record to support the final decision[.]" And lastly, LUBA also
affirmed the city's conclusion that substantial evidence sup-
ported its conclusions regarding SRC 205.010(d)(7)—that
Kehoe's tentative subdivision plan will mitigate impacts to
the transportation system.

Petitioners now seek judicial review of LUBA's
decision.

We review LUBA's final order and opinion to deter-
mine whether it is "unlawful in substance." ORS 197.850(9)(a).

---

[5] LUBA's order quoted a portion of the city's decision that included the city's
interpretation of the phrase "reasonable design alternative" as used in SRC
808.035(d)(2):

"'The Council finds that, at least in this case, the phrase "reasonable design
alternatives" means that a significant tree may be removed under this excep-
tion only if there is no alternative design for the proposed development that
would not otherwise require adjustments or exceptions to the applicable stan-
dards or required public or private infrastructure improvements required to
serve the development, such as those concerning streets and public utilities.
The Council finds that design alternatives are not reasonable if they would
create a street system or public utility design that would not meet City stan-
dards without exception to those standards. The Council also finds that "rea-
sonable design alternatives" must be practically feasible; that is, they would
not require excessive grading or topographical alterations to prevent removal
of a significant tree.'"

LUBA correctly noted that petitioners did not challenge that interpretation of
SRC 808.035(d)(2).

And we "may not substitute [our] judgment for that of the board as to any issue of fact." ORS 197.850(8). A LUBA decision is unlawful in substance if it "substitutes its own interpretation of a local government's land use regulations for a plausible interpretation of those regulations offered by the local government." *Siporen*, 349 Or at 261. When a local government's interpretation of its own land use standards is at issue, we must determine "whether the interpretation underpinning the local government's decision is inconsistent with the express language of the provision or provisions at issue." *Id.* at 262 (internal quotation marks omitted).

When we review a LUBA order to determine whether a local land use decision is supported by substantial evidence, "[w]e examine whether LUBA has applied the proper substantial-evidence standard of review." *Stevens v. City of Island City*, 260 Or App 768, 772, 324 P3d 477 (2014). We do "not review the evidence independently for substantiality." *Reinert v. Clackamas County*, 286 Or App 431, 446, 398 P3d 989 (2017). "[W]here LUBA properly articulates its substantial-evidence standard of review * * *, we will not reverse its determination unless there is no evidence to support the finding or if the evidence in the case is 'so at odds with LUBA's evaluation that a reviewing court could infer that LUBA had misunderstood or misapplied its scope of review.'" *Stevens*, 260 Or App at 772 (quoting *Younger v. City of Portland*, 305 Or 346, 359, 752 P2d 262 (1988)). For this matter, as LUBA explained in its order, LUBA's standard of review is found in ORS 197.828(2), which states, in part:

> "The board shall reverse or remand a limited land use decision if:
>
> "(a)   The decision is not supported by substantial evidence in the record. The existence of evidence in the record supporting a different decision shall not be grounds for reversal or remand if there is evidence in the record to support the final decision[.]"[6]

In their first assignment of error, petitioners contend that "LUBA erred in affirming the city's interpretations

---

[6] ORS 197.015(12)(a)(A) defines "limited land use decision" as "a final decision or determination made by a local government pertaining to a site within an urban growth boundary that concerns * * * [t]he approval or denial of a tentative subdivision or partition plan, as described in ORS 92.040(1)."

of SRC 808.035(d)(2) and SRC 300.940, in affirming the city's findings of compliance with SRC 808.035(d)(2) and SRC 300.940, and in finding that the city's findings were based on substantial evidence in the whole record."[7] Kehoe responds that petitioners failed to preserve their arguments and that we should therefore not consider them, and, in any event, that petitioners' arguments fail on the merits.

As noted above, the SRC provision at issue states that "[a]n application for a tree conservation plan shall be granted" if "[n]o significant trees are designated for removal, unless there [are] no reasonable design alternatives that would enable preservation of such trees." SRC 808.035(d)(2). Petitioners contend that Kehoe was required to put forth a design alternative and that it did not do so in its original application or in its modified application. Petitioners argue that Kehoe's modification to its original application was not a reasonable design alternative that would allow the removal of significant trees under SRC 808.035(d)(2). In petitioners' view, the plain language of the provision required alternatives to be presented. For that reason, they argue that the city and LUBA's order misconstrue the provision and the city's interpretation is not entitled to deference under *Siporen*.

Kehoe asserts that petitioners did not argue to LUBA that Kehoe's revised application could not be considered as a design alternative as a matter of law and that that argument is not preserved for our review. Petitioners' initial argument before LUBA was that the burden of proof for demonstrating that there are no reasonable design alternatives lies with the applicant, and Kehoe had not met that burden because the only design alternative had come from the public. In support of Kehoe's contention that petitioners' argument is different now, Kehoe points out that in petitioners' brief for judicial review, petitioners state that their "argument [to LUBA] centered on the application's lack of any design alternative as required by SRC 808.035(d)(2)." We agree with Kehoe that petitioners' argument before us

---

[7] SRC 300.940(a) states that the "proponent has the burden of proof on all elements of the proposal, and the proposal must be supported by proof that it conforms to all applicable standards and criteria."

on that point has shifted and is not the same as the argument they initially made to LUBA.[8] We, therefore, will not consider it. *See Willamette Oaks, LLC v. City of Eugene*, 295 Or App 757, 766-68, 437 P3d 314, *rev den*, 365 Or 192 (2019) (qualitatively different argument than made below not preserved and not addressed on judicial review).

Kehoe also argues that petitioners did not assert to LUBA, nor develop an argument before LUBA, that the city's interpretation of SRC 808.035(d)(2) is not entitled to deference under *Siporen*. And, in fact, as stated above, LUBA specifically noted that petitioners did not challenge the city's interpretation of that provision. We have reviewed the record and agree with Kehoe that petitioners did not preserve that issue for judicial review.

Petitioners also disagree with the portion of LUBA's order stating that the city did not shift the burden of proof to petitioners when it rejected the opponents' proposed design alternative. Petitioners argue that it was Kehoe's burden to prove whether a reasonable design alternative exists or does not exist and whether the city found issue with the opponents' design alternative is not relevant to whether Kehoe carried its burden of proof to demonstrate compliance with SRC 808.035(d)(2). We reject petitioners' argument that LUBA erred when it stated that the burden was not shifted by the city. LUBA's order recognized that Kehoe proposed an alternative design—its modified plan, which was approved.

Petitioners also contend that the city's findings demonstrate that the city's conclusion that no design alternatives existed was not based on all the evidence in the record. Although we agree with Kehoe that the specific arguments now raised by petitioners to us were not made in petitioners' petition to LUBA, they are sufficiently related to petitioners' assertion before LUBA that the city's conclusion was not based on substantial evidence. We have reviewed

---

[8] Kehoe observes that petitioners raised an argument in their reply brief to LUBA that Kehoe's second application was not a design alternative under SRC 808.035(d)(2) and argues that it is not preserved for that reason. *See* OAR 661-010-0039 (stating, in part, that "[a] reply brief [to LUBA] shall be confined to responses to arguments in the respondent's brief, state agency brief, or amicus brief, but shall not include new assignments of error or advance new bases for reversal or remand").

LUBA's decision, and the March 21 submittal—the focus of petitioners' argument to us—was considered as part of the evidentiary review of the record. LUBA clearly articulated its standard of review and determined that based on the evidence in the record, the city could have made the decision that it did. LUBA did not err in applying its standard of review. *See 1000 Friends of Oregon v. Marion County*, 116 Or App 584, 587-88, 842 P2d 441 (1992) (stating that in reviewing for substantial evidence, LUBA is not to reweigh the evidence but, rather, to determine if the city's decision, viewing the record as a whole, was reasonable).

We turn to petitioners' second assignment of error. Petitioners contend that "LUBA erred in affirming the City's misconstrual of applicable law and the resulting inadequate findings not based on substantial evidence when evaluating the application for compliance with SRC 205.010(d)(7)." We understand that assignment to claim error regarding the evidentiary basis for the decision, not that the ordinance itself was misinterpreted. Specifically, petitioners argue that the city's reliance on the Traffic Impact Analysis (TIA) here was problematic. In response, Kehoe asserts that petitioners do not demonstrate that LUBA misunderstood or misapplied the substantial evidence standard, and, even if it had, substantial evidence in the record supports the city's conclusions.

We agree with Kehoe. As we explained in *Willamette Oaks, LLC v. City of Eugene*, 248 Or App 212, 220, 273 P3d 219 (2012), "[o]ur task is not to review the city's decision[ ], but to review LUBA's opinion on whether it is 'unlawful in substance or procedure.' ORS 197.850(9)(a)." Having reviewed LUBA's decision, it properly articulated its standard of review, pointed to particular evidence in the record that the city had considered, and concluded that "the city council could reach the conclusion that it reached based on the record before it." That is, LUBA concluded that substantial evidence in the record supported the city's determination that Kehoe's application mitigates traffic impacts in accordance with SRC 205.010(d)(7). Petitioners fail to challenge LUBA's application of its evidentiary standard—they do not explain how LUBA misunderstood or misapplied its standard of review; rather, they focus the majority

of their argument on the city's decision itself. We conclude that LUBA properly stated and applied its substantial evidence standard of review, and, in addition, there is ample evidence to support the city's determination regarding SRC 205.010(d)(7). We therefore reject petitioners' second assignment of error.

Affirmed.