No. 336 May 22, 2024 671

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

GERARDO BETANCOURT,
*Defendant-Appellant.*

Polk County Circuit Court
22CR03917; A179535

Matthew L. Tracey, Judge pro tempore.

Submitted April 29, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and James Brewer, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Leigh A. Salmon, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

Defendant appeals following his conditional plea of guilty to the misdemeanor crime of driving while suspended. As part of his conditional plea, defendant reserved the right to challenge the trial court's ruling denying his motion to suppress. *See* ORS 135.335(3) (providing for conditional pleas that reserve the right to appeal an adverse ruling in the trial court). We conclude that the trial court did not err in denying that motion and, therefore, affirm.

We start with the uncontested facts. An officer was driving in his patrol car when he observed a black Chevy Silverado from behind. The officer checked that vehicle's license plates through a computer in his patrol car. The Department of Motor Vehicle Records showed that the vehicle had one registered owner and that the owner had a suspended driver's license. The officer also retrieved a photograph of the owner. The officer was not able to immediately pull alongside defendant's vehicle because both vehicles were then traveling on a single-lane road. The officer initiated a traffic stop and pulled over defendant's vehicle without having first observed who was driving that vehicle. After pulling the vehicle over, the officer confirmed that defendant was both the registered owner of the vehicle and the driver. The officer cited defendant for driving while suspended.

Defendant moved to suppress, arguing that, at the time the officer initiated the stop of the vehicle, the officer lacked reasonable suspicion to believe that the owner of the vehicle, who had a suspended license, was also its driver. Therefore, defendant contended, the stop violated Article I, section 9 of the Oregon Constitution.[1] The officer testified at the suppression hearing that, based on his experience and training, the registered owner of the vehicle is usually also the driver of the vehicle. The trial court denied the motion to suppress, concluding that the officer had reasonable suspicion to initiate the stop even if the officer had not, before the stop, determined whether the photograph of the vehicle's owner matched its driver.

---

[1] Article I, section 9, provides in relevant part that "[n]o law shall violate the right of the people to be secure *** against unreasonable search, or seizure."

Defendant raises the same argument that he raised in the trial court, contending that the officer lacked reasonable suspicion that defendant was driving while suspended. Defendant acknowledges that we have previously concluded under Oregon law that it was "reasonable for [an] officer to suspect that the registered owner of the vehicle is driving it. If he knows that the owner is suspended, he may make a stop * * * unless other circumstances put him on notice that the driver is not the vehicle's owner." *State v. Panko*, 101 Or App 6, 9, 788 P2d 1026 (1990) (internal quotation marks omitted). Defendant contends, however, that *Panko* was plainly wrong. Although the issue may be one about which reasonable minds may disagree, we cannot conclude that *Panko* is plainly wrong, which is a "rigorous standard grounded in presumptive fidelity to *stare decisis.*" *State v. Civil*, 283 Or App 395, 406, 388 P3d 1185 (2017).[2] Because we conclude that *Panko* was not plainly wrong and we are bound by its holding, we affirm. *See also Kansas v. Glover*, 589 US 376, 385-86, 140 S Ct 1183, 206 L Ed 2d 412 (2020) (holding under the United States Constitution that an officer had reasonable suspicion, based in part on inferences from common sense, to pull over a car whose registered owner had a revoked license without having first confirmed that the driver was the owner); *but see id.* at 391-92 (Sotomayor, J., dissenting).

Affirmed.

---

[2] "Mere disagreement, however, is not—and cannot be—a sufficient justification for overruling precedent. Rather, the prudential principles that undergird *stare decisis*, as well as practical institutional considerations, require more. Much more." *Civil*, 283 Or App at 415.