221 N.J. Super. 226 (1987)
534 A.2d 87
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
MARK J. WROTNY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted October 15, 1987.
Decided November 23, 1987.
*227 Before Judges KING, GRUCCIO and D'ANNUNZIO.
Michael D. Spagnuola, attorney for appellant.
Stephen G. Raymond, Burlington County Prosecutor, attorney for respondent (Terrie-Anne Duda, Assistant Prosecutor, of counsel and on the brief).
The opinion of the court was delivered by KING, P.J.A.D.
This case requires us to construe the sentencing features of N.J.S.A. 39:3-40 which prohibits driving while on the suspended or revoked list. Defendant's license had been revoked for driving while intoxicated, N.J.S.A. 39:4-50. On February 16, 1986, during the revocation period, he was involved in a subsequent *228 accident resulting in personal injury to another person. N.J.S.A. 39:3-40(e).
On October 21, 1986 defendant pled guilty in the Palmyra Municipal Court to (1) operating a motor vehicle while under the influence of alcohol in violation of N.J.S.A. 39:4-50, and (2) driving while his license was revoked and causing injury to another in violation of N.J.S.A. 39:3-40(e). This statute states in full
No person to whom a driver's license has been refused or whose driver's license or reciprocity privilege has been suspended or revoked, or who has been prohibited from obtaining driver's license, shall personally operate a motor vehicle during the period of refusal, suspension, revocation, or prohibition.
No person whose motor vehicle registration has been revoked shall operate or permit the operation of such motor vehicle during the period of such revocation.
A person violating this section shall be subject to the following penalties:
a. Upon conviction for a first offense, a fine of $500.00;
b. Upon conviction for a second offense, a fine of $750.000 and imprisonment in the county jail for not more than five days;
c. Upon conviction for a third offense, a fine of $1,000.00 and imprisonment in the county jail for 10 days;
d. Upon conviction, the court shall impose or extend a period of suspension not to exceed six months;
e. Upon conviction, the court shall impose a period of imprisonment for not less than 45 days, if while operating a vehicle in violation of this section a person is involved in an accident resulting in personal injury to another person.

Notwithstanding paragraphs a. through e., any person violating this section while under suspension issued pursuant to R.S. 39:4-50, upon conviction, shall be fined $500.00, shall have his license to operate a motor vehicle suspended for an additional period of not less than one year nor more than two years, and may be imprisoned in the county jail for not more than 90 days. [Emphasis supplied]
The municipal court judge held that the 45-day mandatory jail sentence under subsection (e) applied to this defendant. On appeal de novo, R. 3:23, the Law Division judge agreed. He held that subsection's 45-day mandatory jail sentence was applicable to defendant and rejected his contention that he was exposed only to a 90-day non-mandatory custodial sentence.
Both parties seem to agree that the word "notwithstanding" is inherently ambiguous and confusing in the abstract, absent some context. See Wilson Follett, Modern *229 American Usage 108 (Hill and Wang 1966); see also United States v. Dixie Carriers, Inc., 627 F.2d 736, 739 (5th Cir.1980); In the matter of Oswego Barge Corp., 664 F.2d 327, 340 (2nd Cir.1981). Defendant contends here that the term "notwithstanding" was intended to exclude the operation of subsections (a) through (e); the State urges that the term was intended to supplement these subsections.
We do not presume to ascribe any precise meaning to the word "notwithstanding" in every legal context. But in this circumstance we conclude that the Legislature intended a supplementary, permissive penalty beyond the mandatory 45 days required by subsection (e) and up to a 90-day term in the county jail, but no more than 90 days in all. To perceive a legislative intent that a person under the disability of a prior DWI conviction is exposed to a possible jail term up to 90 days but only in the judge's discretion, while a person not under this prior disability is exposed to a mandatory 45-day jail term would be a peculiar resolution indeed. Rather than reach an absurd, illogical result we read the language in the statute "notwithstanding paragraphs a. through e." to mean simply "without prevention or obstruction from or by" or "in spite of." Webster's Third International Dictionary 1545 (1966). See also Oliver v. Ledbetter, 821 F.2d 1507, 1511-1512 (11th Cir.1987). Even a penal statute should not be construed to reach a ridiculous or absurd result. State v. Gill, 47 N.J. 441, 444 (1966). Any rule of construction "is subordinate to the goal of effectuating the legislative plan as ... gathered from the enactment" when read in the "full light of history, purpose and context." Ibid.
Should we conclude that the statute is unambiguous in proper context the circumstance does not compel a strict construction against the State and a generous construction in favor of the defendant. See 3 Sutherland, Statutory Construction, § 59.06 at 35 (Rev. 1986). We can not conclude that the Legislature intended a judge to be more lenient with a previously convicted drunken driver who violated N.J.S.A. 39:3-40(e) and *230 caused injury to another than with an offender not previously convicted of drunken driving. The primary statutory purpose of N.J.S.A. 39:3-40(e) was to deter people whose driver's license has been suspended, refused, revoked or prohibited from driving and to ensure "the safety of the public on the highways." State v. Graney, 174 N.J. Super. 455, 459 (App.Div. 1980). Moreover, interpreting "notwithstanding" as appellant urges would result in an implied repealer of the penalties set out in subsections (a) through (e) when a violator has a prior DWI violation. The presumption is against implied repealers unless the terms are inconsistent or indeed, repugnant. Yacenda Food v. N.J. Highway Authority, 203 N.J. Super. 264, 274 (App.Div. 1985). Here they are not.
Affirmed.