288 N.J. Super. 160 (1996)
671 A.2d 1126
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOHN LEWIS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 14, 1996.
Decided March 14, 1996.
*161 Before Judges PRESSLER and KEEFE.
Glenn C. Slavin argued the cause for appellant (Ciuffreda & Slavin, attorneys; Mr. Slavin and Leonard J. Ciuffreda, on the brief).
*162 Simon Louis Rosenbach, Assistant Prosecutor, argued the cause for respondent (Robert W. Gluck, Middlesex County Prosecutor, attorney).
The opinion of the court was delivered by KEEFE, J.A.D.
The issue presented on appeal is whether a random computer check of a motor vehicle license plate number is a violation of the motor vehicle operator's constitutional rights under the Fourth Amendment to the United States Constitution or Article I, ¶ 7, of the New Jersey Constitution. The issue is presented as a result of the issuance of a motor vehicle summons to the defendant for operating a motor vehicle while his privilege to do so was suspended, in violation of N.J.S.A. 39:3-40.
The essential facts are undisputed. On September 12, 1994, a Woodbridge Township police officer was on duty using a radar device to monitor the speed of passing cars. Because the traffic was light, the officer was occupying his time by randomly checking license plate numbers of passing vehicles with the use of a mobile computer. The device permitted the officer to obtain information from the Division of Motor Vehicles concerning the vehicle's registration and the status of the owner's license.
As defendant's vehicle passed the officer's station, the officer entered the license plate number into the computer. The information received from the Division of Motor Vehicles informed the officer that the vehicle was currently registered but that the registered owner's driving privileges were suspended. The computer information also contained a general description of the registered owner. The officer followed defendant's vehicle long enough to ascertain that the operator fit the description of the registered owner, whereupon he stopped the vehicle. After a check of the defendant's credentials, the officer learned that the registered owner and the operator were the same person and that defendant's operating privileges had been suspended. Defendant was then issued the summons in question.
*163 Defendant moved in the Woodbridge Township Municipal Court to suppress the evidence obtained as a result of the computer inquiry. He contended that the random use of the mobile computer violated his federal and state constitutional rights. Essentially defendant argued that he had an expectation of privacy in the information contained in the Division of Motor Vehicle records, and that such information cannot be accessed without either probable cause or, at a minimum, articulable suspicion that a motor vehicle offense has been committed.
After defendant's motion was denied, he pled guilty to the charge, preserving his right to renew the motion on de novo appeal to the Law Division. The Municipal Court judge imposed a ten day jail term, a fine of $500, and a fifteen month license suspension. On de novo appeal to the Law Division, defendant's suppression motion was again denied. The Law Division judge thereafter imposed the same sentence, with the exception of the jail term which was reduced from ten to three days. The sentence was stayed pending this appeal.
The question of whether a person has a privacy interest in the information contained in Division of Motor Vehicle records pertaining to the status of the registration and the owner's driving record has not been specifically addressed by an appellate court in this state. However, the question has been thoroughly discussed in a reported Law Division opinion decided shortly before the Law Division decision in this case.
In State v. Myrick, 282 N.J. Super. 285, 659 A.2d 976 (Law Div. 1995), defendant Lawrence Myrick was a passenger in a motor vehicle that was stopped after a random computer check revealed that the license plate of the vehicle in which Myrick was a passenger was registered to another vehicle. As a result of the stop, a police officer was able to see Myrick secret a package in his shirt pocket which the officer believed to be a controlled dangerous substance. The package was seized by the officer and Myrick was charged with a drug offense. He contended in his suppression motion that the drugs seized from his person should *164 be considered "fruits of the poisonous tree," pursuant to Wong Sun v. United States, 371 U.S. 471, 485-86, 83 S.Ct. 407, 416-17, 9 L.Ed.2d 441 453-454 (1963), because the initial motor vehicle stop was improper and, therefore, violative of his federal and state constitutional rights. Myrick, supra, 282 N.J. Super. at 290, 659 A.2d 976.
After a review of both federal and state case law on the subject, Judge Spatola held that, inasmuch as the license plates on a motor vehicle are exposed to public view, the visual inspection of the plate number and subsequent computer check of the information pertaining to those plates "did not intrude on the legitimate privacy interests" of the owner of the vehicle or a passenger. Id. at 293, 659 A.2d 976. The court reasoned that, because Myrick's privacy was not interfered with until the officer had "an articulable suspicion" that a motor vehicle law had been violated, his constitutional rights had been fully protected. Ibid.
We are in full accord with Judge Spatola's analysis of essentially the same issue now before us, and, therefore, we affirm the denial of defendant's motion to suppress for the reasons stated in Myrick, supra.
Defendant's contention that his sentence was excessive is also without merit. At the time defendant was stopped, he was under suspension for a violation of N.J.S.A. 39:4-50. Accordingly, upon his conviction for violation N.J.S.A. 39:3-40, the trial judge had the power to impose a county jail sentence of up to 90 days. N.J.S.A. 39:3-40. We have recognized the important deterrent purpose of that provision of the statute. State v. Wrotny, 221 N.J. Super. 226, 230, 534 A.2d 87 (App.Div. 1987). The Law Division judge did not abuse his discretion by imposing a three day jail sentence in these circumstances. When defendant was stopped by the police officer and informed by the officer that his driving privileges had been suspended, defendant acknowledged as much but cavalierly explained that he was driving because he was going golfing. It is obvious to us that the prior imposition of fines and the suspension of driving privileges was insufficient to impress *165 defendant with the seriousness of his motor vehicle infractions. Perhaps the short jail term imposed by the Law Division judge will have the rehabilitative effect it is designed to achieve.
The judgment under review is affirmed. The stay imposed upon the execution of the sentence is lifted. The defendant shall report to the Law Division for the purpose of complying with the sentence within twenty days of this decision.