Salem District Court
No. 99-090

THE STATE OF NEW HAMPSHIRE

v.

DIRK RICHTER

December 28, 2000

*Philip T. McLaughlin*, attorney general (*N. William Delker*, assistant attorney general, on the brief), for the State.

*Mark M. Rumley*, of Londonderry, by brief, for the defendant.

## MEMORANDUM OPINION

HORTON, J., retired, specially assigned under RSA 490:3. The defendant, Dirk Richter, was stopped while driving and charged with driving after his license was suspended, RSA 263:64 (Supp. 1999), and driving without proof of financial responsibility, RSA 264:2 (1993). The Salem District Court (*Korbey*, J.), dismissed the charges after determining that the police officer lacked the reasonable suspicion necessary to initiate a traffic stop. The State appeals. We reverse and remand.

The record contains the following facts. On October 21, 1998, a Salem police officer observed the defendant's vehicle traveling south on Route 28 in Salem and conducted a registration check of its license plate number with the department of motor vehicles. The check indicated that the registered owner of the vehicle had a suspended driver's license. The police officer did not observe the defendant commit a motor vehicle offense. Based solely on the suspension information, the police officer stopped the defendant.

As a preliminary matter, although not raised by the parties in this case, we "recognize the authority of police to run random

computer checks of passing vehicle licenses, without suspicion of criminal conduct." *State v. Harlow*, 933 P.2d 1076, 1079 (Wash. Ct. App. 1997) (collecting cases). Such a check is not a search subject to the protections of the Fourth Amendment to the United States Constitution. *See State v. Bjerke*, 697 A.2d 1069, 1073 (R.I. 1997) (holding that a defendant had no reasonable expectation of privacy in a motor vehicle license plate). Nor does it constitute a search within the meaning of Part I, Article 19 of the New Hampshire Constitution. "In considering what constitutes a search for purposes of our Constitution, we have stated that a search ordinarily implies a quest by an officer of the law, a prying into hidden places for that which is concealed." *State v. Summers*, 142 N.H. 429, 432, 702 A.2d 819, 821 (1997) (quotation and brackets omitted). In no way can the visual inspection of a license plate mounted in public view on the front or rear of a vehicle be considered "prying into hidden places for that which is concealed." Nor can the officer's subsequent check of associated motor vehicle licenses and records, when "the state is the very body that issues, controls, and regulates" such licenses and records. *Bjerke*, 697 A.2d at 1073.

We turn our attention to the question on appeal, whether knowledge that the registered owner of a vehicle has a suspended driver's license provides the necessary reasonable suspicion for a police officer to initiate a traffic stop of that vehicle. *See State v. McBreairty*, 142 N.H. 12, 14, 697 A.2d 495, 496 (1997). "In order for a police officer to undertake an investigatory stop, the officer must have a reasonable suspicion — based on specific, articulable facts taken together with rational inferences from those facts — that the particular person stopped has been, is, or is about to be, engaged in criminal activity." *State v. Roach*, 141 N.H. 64, 66, 677 A.2d 157, 159 (1996). Reasonable suspicion may be less than the probable cause necessary to support an arrest or citation. *See State v. Jaroma*, 137 N.H. 562, 566, 630 A.2d 1173, 1175 (1993). We defer to the factual findings of the trial court "on the events leading up to the stop, unless those findings are clearly erroneous; we review *de novo*, however, the ultimate determination of whether, in view of those findings of historical fact, reasonable suspicion existed." *McBreairty*, 142 N.H. at 14, 697 A.2d at 496.

■ In this case, an officer observed a vehicle, which he properly determined to be registered to an owner who had a suspended driver's license, being driven on a public roadway. The officer observed nothing that would indicate that the driver was not the owner. It was reasonable for the officer to infer that the driver was

the owner of the vehicle. *See Village of Lake in the Hills v. Lloyd,* 591 N.E.2d 524, 526 (Ill. App. Ct.) (recognizing common sense presumption that a vehicle is being driven by its owner), *appeal denied,* 602 N.E.2d 455 (Ill. 1992). Such an inference gave rise to a reasonable suspicion that the driver was committing a violation of RSA 263:64. We therefore conclude that the officer properly initiated a traffic stop to investigate whether the defendant was driving his vehicle in violation of the law. *See State v. Pike,* 551 N.W.2d 919, 922 (Minn. 1996) (recognizing that where officer has reason to believe owner is not driving, rule does not apply); *Village of Lake in the Hills,* 591 N.E.2d at 526. We reverse the trial court's dismissal of the charges and remand for further proceedings consistent with this opinion.

*Reversed and remanded.*

BROCK, C.J., and BRODERICK, J., concurred.