PEOPLE v JONES

Docket No. 242871. Submitted December 9, 2003, at Lansing. Decided January 27, 2004, at 9:00 A.M.

Calvin E. Jones, bound over for trial in the Wayne Circuit Court on charges of carrying a concealed weapon in a vehicle and possession of marijuana, moved to dismiss the charges or suppress the evidence, arguing that his Fourth Amendment right to be free of unreasonable search and seizure was violated. It was established at the preliminary examination that a police officer on routine patrol had observed the defendant driving an automobile, had not observed any traffic violation, but had decided to do a computer check of the automobile's license plate number. The check had indicated two outstanding warrants for the registered owner of the automobile. The officer had stopped the automobile to determine whether the defendant was the registered owner. The defendant had provided documentation showing him to be the registered owner and the person named in the warrants. The officer had asked the defendant to step out of the automobile and whether the defendant had a weapon. The defendant had informed the officer of a gun strapped to his leg. A search of the automobile had uncovered marijuana. The court, Cynthia Gray Hathaway, J., dismissed the charges, ruling the investigatory stop unconstitutional. The prosecution appealed.

The Court of Appeals *held*:

1. Fourth Amendment interests are only implicated when the government infringes a person's reasonable expectation of privacy. A person does not have a reasonable expectation of privacy in a license plate required by law to be openly displayed on a vehicle. A suspicionless check of a license plate is not a search.

2. An investigatory stop, which is limited to a brief and nonintrusive detention, constitutes a Fourth Amendment seizure. In order to effectuate a valid traffic stop, a police officer must have an articulable and reasonable suspicion that a vehicle or an occupant is subject to seizure for a violation of law. Here, the officer had a reasonable suspicion that the defendant was the registered owner of the automobile he was driving in the absence of evidence to the contrary.

3. Having made a proper investigatory stop and determining that the defendant was the registered owner of the automobile, the officer lawfully arrested him on the outstanding warrants. The search of the defendant and his automobile after the lawful arrest was valid.

Reversed and remanded for reinstatement of the charges.

FITZGERALD, P.J., concurring, stated agreement with the legally sound opinion of the majority, but voiced a concern that the random checks on license plates will have the unintended result of lawful drivers being subject to unwarranted traffic stops and searches.

1. SEARCHES AND SEIZURES — AUTOMOBILE LICENSE PLATES — POLICE COMPUTER CHECKS.

A motorist does not have a reasonable expectation of privacy in an automobile's license plate; a police officer does not need probable cause or articulable suspicion to perform a computer check of an automobile's license plate number even if no traffic violation is observed (US Const, Am IV).

2. SEARCHES AND SEIZURES — AUTOMOBILE LICENSE PLATES — INVESTIGATORY STOPS.

A police officer, upon learning from a computer check of an automobile's license plate number that the registered owner is wanted on an outstanding warrant, may reasonably suspect, in the absence of evidence to the contrary, that the driver is the registered owner and may initiate an investigatory stop to determine whether that is the case.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *Michael E. Duggan*, Prosecuting Attorney, *Timothy A. Baughman*, Chief of Research, Training, and Appeals, and *Jason W. Williams*, Assistant Prosecuting Attorney, for the people.

*Raymond R. Burkett* for the defendant on appeal.

Before: FITZGERALD, P.J. and NEFF and WHITE, JJ.

NEFF, J. The prosecutor appeals as of right from a circuit court order of dismissal after a finding that an

investigatory stop was unconstitutional.[1] Finding no constitutional violation, we reverse and remand. This appeal is being decided without oral argument pursuant to MCR 7.214(E).

I

The facts as established at the preliminary examination are essentially uncontested. A police officer on routine patrol observed defendant's vehicle and its license plate that was in plain view as required by law. MCL 257.225. The officer did not observe any traffic violation, but decided to perform a computer check of the license plate number. The check showed that there were two outstanding warrants for the registered owner of the vehicle. The officer stopped the car to determine if the driver was also the registered owner. The driver, defendant, produced documentation showing that he was the registered owner of the car and also the person named in the outstanding warrants.

The officer asked defendant to step out of the car so he could explain the reason for the stop. Defendant complied and the officer, for safety purposes, asked if defendant had a weapon. Defendant admitted that he had a gun strapped to his left leg. Defendant was arrested and ultimately charged with carrying a concealed weapon in a vehicle, MCL 750.227, and possession of marijuana, MCL 333.7403(2)(d).[2]

---

[1] The proper remedy for an illegal search and seizure is suppression of the evidence, not dismissal of the charges. *People v Chambers*, 195 Mich App 118, 120; 489 NW2d 168 (1992). However, when the evidence is the only thing connecting the defendant to the crimes, dismissal is inevitable if the evidence is suppressed. *Id.* at 120-121.

[2] The marijuana was discovered when defendant's car was searched incident to his arrest.

Defendant was bound over for trial after the preliminary examination. After a brief hearing on defendant's motion to dismiss or to suppress the evidence, the trial court held that the officer violated defendant's rights under the Fourth Amendment of the United States Constitution when he ran a computer check of the license plate number and then effectuated an investigatory stop based on the information learned from the computer check.

II

The application of the exclusionary rule is a question of law that is reviewed de novo. *People v Custer*, 465 Mich 319, 326; 630 NW2d 870 (2001). Constitutional issues are also reviewed de novo on appeal. *People v Goodin*, 257 Mich App 425, 428; 668 NW2d 392 (2003).

III

The threshold question is whether the police officer's decision to run a computer check of defendant's license plate number in the absence of any traffic violation implicated defendant's Fourth Amendment right to be free of unreasonable search and seizure. If not, the question becomes whether it was proper for the officer to conduct an investigatory stop based on the information he learned from the computer check that led to defendant's arrest.

A

We hold as follows:

1. A police officer may properly run a computer check of a license plate number in plain view even if

no traffic violation is observed and there is no other information to suggest that a crime has been or is being committed. That is, there is no probable cause or articulable suspicion requirement to run a computer check of a license plate number in which there is no expectation of privacy.

2. In the absence of evidence to the contrary, a police officer may reasonably suspect that a vehicle is being driven by its registered owner.

3. Where information gleaned from a computer check provides a basis for the arrest or further investigation of the registered owner of the vehicle, a police officer may initiate an investigatory stop to determine if the driver is the registered owner of the vehicle. In the course of the investigatory stop the officer may request identification and may act to reasonably secure his own safety.

4. Because the officer proceeded lawfully in (a) running the computer check, (b) making an investigatory stop, and (c) establishing that defendant was the registered owner of the vehicle for whom two warrants were outstanding, the officer was justified in arresting defendant and conducting a search of defendant and his car.

B

"The Fourth Amendment of the United States Constitution and its counterpart in the Michigan Constitution guarantee the right of persons to be secure against unreasonable searches and seizures. US Const, Am IV; Const 1963, art 1, § 11." *People v Kazmierczak*, 461 Mich 411, 417; 605 NW2d 667 (2000). Fourth Amendment interests are only implicated when the government infringes a person's rea-

sonable expectation of privacy. *People v Smith*, 420
Mich 1, 25; 360 NW2d 841 (1984); *People v Taylor*, 253
Mich App 399, 404; 655 NW2d 291 (2002).

A person does not have a reasonable expectation of
privacy in a license plate openly displayed on a vehi-
cle,[3] which, as noted, is required to be in plain view.
MCL 257.225. Other state courts have consistently
reached the same conclusion, holding that a suspi-
cionless check of a license plate number is not a
search. See *Wilkinson v State*, 743 NE2d 1267, 1270
(Ind App, 2001); *State v Lewis*, 288 NJ Super 160, 163-
164; 671 A2d 1126 (1996); *People v Brand*, 71 Ill App
3d 698; 390 NE2d 65 (1979).

C

An investigatory stop, which is limited to a brief
and nonintrusive detention, constitutes a Fourth
Amendment seizure. *People v Bloxson*, 205 Mich
App 236, 241, 249; 517 NW2d 563 (1994). "In order to
effectuate a valid traffic stop, a police officer must
have an articulable and reasonable suspicion that a
vehicle or one of its occupants is subject to seizure
for a violation of law." *People v Williams*, 236 Mich
App 610, 612; 601 NW2d 138 (1999). The reasonable-
ness of an officer's suspicion is determined on a case-
by-case basis in light of the totality of the facts and
circumstances and specific reasonable inferences he
is entitled to draw from the facts in light of his expe-

---

[3] This is not, strictly speaking, our Court's first declaration of this rule.
See *People v Taormina*, 130 Mich App 73, 80; 343 NW2d 236 (1983). How-
ever, we decline to rely on *Taormina* because it is factually
distinguishable.

rience. *People v LoCicero (After Remand)*, 453 Mich 496, 501-502; 556 NW2d 498 (1996).

It was a reasonable suspicion that the driver was the registered owner of the vehicle in the absence of evidence to the contrary.[4] The police officer's computer check of the vehicle license number returned information that there were two outstanding warrants for the registered owner of the vehicle providing the justification for the investigatory stop of the driver. *People v Champion*, 452 Mich 92, 98; 549 NW2d 849 (1996).

Having made a proper investigatory stop and determining that defendant-driver was indeed the registered owner of the vehicle, the officer lawfully arrested defendant on the outstanding warrants. MCL 764.15(1)(e). Accordingly, the officer validly searched defendant[5] and his car. *People v Yeoman*, 218 Mich App 406; 554 NW2d 577 (1996).

Reversed and remanded for reinstatement of the charges against defendant. We do not retain jurisdiction.

WHITE, J., concurred.

FITZGERALD, P.J. (*concurring*). The majority opinion is legally sound and, therefore, I reluctantly concur. My reluctance is based on my concern that random

---

[4] For instance, if the registered owner was a male and the driver was a female, the officer would not have reasonable grounds to assume that the driver was the owner. See *State v Richter*, 145 NH 640, 641-642; 765 A2d 687 (2000); *State v Pike*, 551 NW2d 919, 922 (Minn, 1996); *Village of Lake in the Hills v Lloyd*, 227 Ill App 3d 351; 169 Ill Dec 351; 591 NE2d 524 (1992); *State v Panko*, 101 Or App 6, 9; 788 P2d 1026 (1990); *State v Mills*, 458 NW2d 395, 397 (Iowa App, 1990).

[5] As noted, defendant also admitted carrying the weapon when the officer asked him to get out of the car.

LEIN (Law Enforcement Information Network) checks on license plates will have the unintended result of lawful drivers being subject to unwarranted traffic stops and searches.