# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

ALPHONSO LEWIS LYMAN,

      Defendant-Appellant.

UNPUBLISHED
November 10, 2015

No. 322689
Wayne Circuit Court
LC No. 13-011627-FH

---

Before: STEPHENS, P.J., and CAVANAGH and MURRAY, JJ.

PER CURIAM.

Defendant appeals as of right his conviction, after a jury trial, of carrying a concealed weapon, MCL 750.227. The trial court sentenced defendant to 2 years' probation. We affirm.

The sole argument defendant puts forth on appeal is that his trial counsel was ineffective by failing to seek suppression of the weapon found in the center console of his vehicle after the traffic stop and warrantless search of his vehicle. "Whether a person has been denied effective assistance of counsel is a mixed question of fact and constitutional law." *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). Generally, the trial court's findings of fact are reviewed for clear error and the questions of constitutional law are reviewed de novo. *Id*. Defendant's unpreserved argument of ineffective assistance of counsel is limited to errors apparent in the trial court record. *People v Matuszak*, 263 Mich App 42, 48; 687 NW2d 342 (2004).

As interpreted by the courts, the United States and Michigan Constitutions guarantee a defendant the right to effective assistance of counsel. US Const, Am VI; Const 1963, art 1, § 20. To establish ineffective assistance of counsel, a defendant must show: (1) that counsel's performance was below an objective standard of reasonableness under prevailing professional norms, and (2) that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceedings would have been different. *Strickland v Washington*, 466 US 668, 688, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984); *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 US at 694.

Effective assistance of counsel is presumed, and the defendant bears a substantial burden of proving otherwise. *People v Vaughn*, 491 Mich 642, 670; 821 NW2d 288 (2012). A defendant can overcome the presumption by showing that counsel failed to perform an essential duty and that failure was prejudicial to the defendant. *People v Reinhardt*, 167 Mich App 584,

591; 423 NW2d 275 (1988), vacated on other grounds 436 Mich 866 (1990). Counsel's strategic judgments are afforded deference, *Wiggins v Smith*, 539 US 510, 521-522, 528; 123 S Ct 2527; 156 L Ed 2d 471 (2003), and defense counsel has extensive discretion on matters of trial strategy, *People v Heft*, 299 Mich App 69, 83; 829 NW2d 266 (2012). Deciding not to raise objections to evidence can be sound trial strategy. *People v Unger*, 278 Mich App 210, 242, 253; 749 NW2d 272 (2008).

The Fourth Amendment of the United States Constitution and the parallel provision of the Michigan Constitution guarantee the right to be free from unreasonable searches and seizures. US Const, Am IV; Const 1963, art 1, § 11. There is no guarantee against all searches and seizures, only unreasonable ones. *United States v Sharpe*, 470 US 675, 682; 105 S Ct 1568; 84 L Ed 2d 605 (1985).

## I. WHETHER THE STOP WAS LAWFUL

To effectuate a valid traffic stop, a police officer must have an articulable and reasonable suspicion that the vehicle or one of its occupants is subject to seizure for a violation of law. *People v Hyde*, 285 Mich App 428, 436; 775 NW2d 833 (2009). The reasonableness of an officer's suspicion is determined on a case-by-case basis in light of all the circumstances. *People v Dillon*, 296 Mich App 506, 508; 822 NW2d 611 (2012); *People v Jones*, 260 Mich App 424, 429; 678 NW2d 627 (2004).

At trial, the officers testified that they observed defendant roll into the middle of an intersection at a red light, squeal his tires as he sped away at a high rate of speed when the light turned green, run a red stoplight at the next intersection, and swerve erratically in his lane. This testimony supports the conclusion that the officers reasonably suspected defendant was in violation of MCL 257.628(7) (speeding), MCL 257.612 (failure to stop at stoplight), and MCL 257.626b (careless driving). Therefore, the stop was permissible. *People v Kazmierczak*, 461 Mich 411, 421 n 8; 605 NW2d 667 (2000); *People v Chambers*, 195 Mich App 118, 121–122; 489 NW2d 168 (1992).

Defendant cites his trial testimony that he did not commit the traffic violations described by the officers, and therefore argues the traffic stop, which led to the search, was unjustified. Even if the trial court were to believe defendant's testimony that he did not drive erratically, squeal his tires, or speed, he never denied running the red light. Therefore, on this basis alone, the traffic stop was permissible because the officers observed at least one traffic violation. *Whren v United States*, 517 US 806, 810; 116 S Ct 1769; 135 L Ed 2d 89 (1996). As a result, trial counsel did not unreasonably fail to move to suppress the gun because any motion, on the basis that the stop was unlawful, would have been meritless.

## II. WHETHER THE WARRANTLESS SEARCH WAS LAWFUL

Generally, searches and seizures without a warrant are *per se* unreasonable. *People v Champion*, 452 Mich 92, 98; 549 NW2d 849 (1996). However, there are several permissible warrantless searches and seizures, including searches incident to a lawful arrest, and investigatory stop and frisks. *People v Barbarich (On Remand)*, 291 Mich App 468, 472-473; 807 NW2d 56 (2011).

The stop and frisk exception to the warrant requirement applies to protect police and others when the police have a reasonable suspicion that the suspect poses a danger. *Terry v Ohio*, 392 US 1, 21; 88 S Ct 1868; 20 L Ed 2d 889 (1968). This warrant exception authorizes only a limited pat-down search of a person to ensure officer safety. *Id*. at 30. *Michigan v Long*, 463 US 1032, 1047; 103 S Ct 3469; 77 L Ed 2d 1201 (1983), explicitly extended this exception to permit the search of the passenger compartment of an *automobile*, limited to those areas in which a weapon may be placed or hidden. Under *Terry* and *Long*, a limited search of a person or vehicle is authorized if officers have a 'reasonable suspicion' that the suspect is dangerous and may gain immediate control of weapons. *Long*, 463 US at 1050; *Terry*, 392 US at 21.

"Reasonable suspicion entails something more than an inchoate or unparticularized suspicion or 'hunch,' but less than the level of suspicion required for probable cause." *Champion*, 452 Mich at 98. In order to demonstrate reasonable suspicion, an officer must have "specific and articulable facts, which, taken together with rational inferences from those facts, reasonably warrant [the] intrusion." *Terry*, 392 US at 21. The scope of the search is limited to that necessary to secure officer safety. *Id*. at 19; *Champion*, 452 Mich at 99. The question is whether a reasonably prudent person in the circumstances would believe that his safety was in danger. *Long*, 463 US at 1050; *Terry*, 392 US at 27.

While defendant correctly argues that furtive gestures by defendant while under police observation do not, by themselves, create a reasonable suspicion to search an automobile, *People v Shabaz*, 424 Mich 42, 61; 378 NW2d 451 (1985), there were additional suspicious behaviors to justify a *Terry* search, including the late hour of the traffic stop (defendant was pulled over at 1:15 a.m.), defendant's delay in stopping his vehicle upon being signaled to do so by the police, defendant's nervous behavior, and the disobedience by defendant of police orders to raise his hands. See *Champion*, 452 Mich at 100 and *People v Jenkins*, 472 Mich 26, 34; 691 NW2d 759 (2005). In addition, the officers testified that their training and experience made them suspicious of defendant's behavior. In particular, defendant's reaching motions and failure to immediately comply with their commands caused them to believe that there could be a "safety issue" and that he could be attempting to "conceal something or reach for something that might cause [them] harm." Taken together, these factors formed a sufficient basis for the officers to have reasonable suspicion that defendant was armed.

Because he was detained behind his vehicle at the time of the search, defendant argues that there was no danger to officer safety to justify the protective search of the vehicle. While defendant was out of reach of any potential weapon hidden in his vehicle at the time of the search, that did not eliminate the danger to officer safety. Defendant could have regained access to the gun if he broke away from officer control or was permitted to reenter the vehicle during the traffic stop to retrieve something (like his insurance and registration). As a result, it was not unreasonable for the officers to search his vehicle for their safety. *Long*, 463 US at 1052. Based on these facts, and the fact that Officer Fernandez appropriately limited her initial search to those areas of the car which defendant had been reaching toward and had immediate control over when he was stopped, this search was justified as a protective search under *Terry*.

Defendant also argues that there were innocent explanations for the allegedly suspicious behaviors he exhibited, thus dispelling any reasonable suspicion that he was armed. However, the "absence of apparent innocent behavior has never been a requirement for the suspicion

-3-

required to make an investigatory stop." *People v Oliver*, 464 Mich 184, 203; 627 NW2d 297 (2001), quoting *United States v Sokolow*, 490 US 1, 9; 109 S Ct 1581; 104 L Ed 2d 1 (1989). Accordingly, the existence of reasonable suspicion is not negated by the ability to imagine conceivable innocent explanations for the suspicious behavior. *Id*. Because the vehicle search was justified[1] and counsel is not required to argue meritless positions, *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010), trial counsel did not provide ineffective assistance of counsel by failing to move for the suppression of the gun on these grounds.

In summary, the officers conducted a valid traffic stop. Defendant's behavior and the surrounding circumstances provided the officers with sufficient reasonable suspicion that he was armed and posed a danger to their safety in order to conduct a valid protective search under *Terry* and *Long*. Because both the traffic stop and vehicle search were lawful, any motion to suppress based upon defendant's Fourth Amendment rights being violated could not have succeeded. Because counsel is not required to argue meritless positions, *Ericksen*, 288 Mich App at 201, counsel's failure to move for suppression of the gun did not fall below an objective standard of reasonableness and defendant was not denied the effective assistance of counsel, *Strickland*, 466 US at 688.

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Mark J. Cavanagh
/s/ Christopher M. Murray

---

[1] Because the vehicle search was justified as a protective search under *Terry* and *Long*, we decline to address defendants' alternate argument regarding the inapplicability of the search incident to arrest warrant exception and the inevitable-discovery rule. Similarly, we need not address if the automobile exception justified this search.