*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
June 22, 2023

Plaintiff-Appellee,

v

No. 358709
Berrien Circuit Court
LC No. 2020-003011-FH

TERRELL JAVON CARTER,

Defendant-Appellant.

Before: CAMERON, P.J., and MURRAY and GADOLA, JJ.

PER CURIAM.

Defendant was a passenger in a car stopped and then searched by police. During the traffic stop, police discovered numerous firearms and defendant was later charged. Defendant now appeals his jury trial convictions of carrying a concealed weapon, MCL 750.227; felon in possession of a firearm (felon-in-possession), MCL 750.224f; and carrying a firearm during the commission of a felony (felony-firearm), MCL 750.227b. We affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

A few hours before the traffic stop, law enforcement received a tip that a car similar to the one in which defendant was a passenger was involved in an assault at an apartment complex. Officers on patrol ran a Law Enforcement Information Network (LEIN) check of the car's license plate. LEIN indicated that the car was uninsured. During the traffic stop, police discovered five individuals, 12 firearms, 200 rounds of ammunition, and two bullet-resistant vests. Nine of the firearms were found unsecured in the backseat area where defendant was seated.

Before trial, defendant moved to suppress the evidence discovered during the stop. He contended the insurance verification and the earlier description of the car were insufficient to establish reasonable suspicion. The trial court denied defendant's motion, concluding that the evidence of no insurance provided the officers with reasonable suspicion to initiate a traffic stop. After defendant's conviction, he moved for a new trial on the basis of constitutional violations and ineffective assistance of counsel. The trial court denied defendant's motion. This appeal followed.

-1-

## II. MOTION TO SUPPRESS

Defendant argues that his privacy protections under the Fourth Amendment to the United States Constitution were violated and the trial court should have granted his motion to suppress evidence found during the traffic stop because the officers lacked reasonable suspicion. Because this argument lacks merit, we conclude that the trial court properly denied defendant's motion to suppress.

Defendant also challenges established caselaw that permits police to perform LEIN checks to determine whether a vehicle is uninsured, and to use that information as a basis for reasonable suspicion to stop a vehicle. Defendant's Fourth Amendment claims lack merit.

### A. STANDARD OF REVIEW

This Court reviews de novo a trial court's decision on a motion to suppress. *People v Mathews*, 324 Mich App 416, 424; 922 NW2d 371 (2018). We review for clear error the trial court's factual findings. *Id.* "Clear error occurs if the reviewing court is left with a definite and firm conviction that the trial court made a mistake." *People v Johnson*, 502 Mich 541, 565; 918 NW2d 676 (2018) (quotation marks and citation omitted).

### B. LAW AND ANALYSIS

The Fourth Amendment to the Constitution of the United States protects "against unreasonable searches and seizures." US Const, Am IV; see also Const 1963, art 1, § 11. "Under the Fourth Amendment, stopping a vehicle and detaining the occupants amounts to a seizure." *People v Simmons*, 316 Mich App 322, 326; 894 NW2d 86 (2016). Because a license plate must be openly displayed in a vehicle, there is no reasonable expectation of privacy in the license plate and an officer may run a computer check of the license plate even in the absence of a violation of the law. *People v Jones*, 260 Mich App 424, 427-428; 678 NW2d 627 (2004). In other words, "a suspicionless check of a license plate number is not a search." *Id.* at 429. But before a valid traffic stop is made, a police officer "must have an articulable and reasonable suspicion that a vehicle or one of its occupants is subject to seizure for a violation of law." *People v Hyde*, 285 Mich App 428, 436; 775 NW2d 833 (2009). This includes violations of traffic law. See *People v Davis*, 250 Mich App 357, 363; 649 NW2d 94 (2002).

Here, the officers stopped the car after a LEIN check revealed that it was uninsured. A person who knowingly drives a motor vehicle without insurance is guilty of a misdemeanor. MCL 500.3102(2). We have held that a traffic stop is supported by a reasonable suspicion when the stop is premised on the officer's LEIN search result that the vehicle is uninsured. *People v Mazzie*, 326 Mich App 279, 297; 926 NW2d 359 (2018). In this case, the LEIN check provided police with reasonable suspicion that the car was being operated without insurance. Thus, the traffic stop was valid, and the trial court did not err in denying the motion to suppress.

Even so, defendant argues that *Mazzie* was wrongly decided because he believes that information available in LEIN is unreliable. Even if we were to accept defendant's unsubstantiated assertion, defendant fails to explain why errors in a law enforcement database defeats reasonable suspicion in this case. Nor does defendant explain why we are not bound by the principle that "[a] published opinion of the Court of Appeals has precedential effect under the rule of stare decisis."

-2-

MCR 7.215(C)(2); see *People v Masi*, ___ Mich App, ___, ___ n 6; ___ NW2d ___ (2023) (Docket No. 358922); slip op at 9. We therefore decline to revisit, let alone overrule, *Mazzie* in this appeal.

## III. SEPARATION OF POWERS

Defendant next claims that the Michigan Secretary of State ("SOS") violated the separation-of-powers doctrine by releasing insurance information to Michigan law enforcement contrary to certain statutory confidentiality requirements. Defendant stretches his novel separation-of-powers argument to also implicate the trial court's decision to allow LEIN information at trial that indicated that the car was uninsured. We again disagree.

### A. STANDARD OF REVIEW

Generally, questions of constitutional law are reviewed de novo. *People v Hughes*, 506 Mich 512, 522; 958 NW2d 98 (2020). Interpretation of a statute is also reviewed de novo. *People v Petit*, 466 Mich 624, 627; 648 NW2d 193 (2002). But defendant did not preserve his separation-of-powers doctrine argument for appellate review, and therefore this Court reviews this claim for plain error affecting substantial rights. See *People v Cain*, 498 Mich 108, 116; 869 NW2d 829 (2015). This Court may grant relief if defendant establishes "that (1) an error occurred, (2) the error was 'plain'—i.e., clear or obvious, and (3) the error affected substantial rights—i.e., the outcome of the lower court proceedings was affected." *Id.* If defendant satisfies the first three prongs, this Court must "exercise its discretion in deciding whether to reverse," and "relief is warranted only when the court determines that the plain, forfeited error resulted in the conviction of an actually innocent defendant or seriously affect[ed] the fairness, integrity or public reputation of [the] judicial proceedings . . . ." *Id.* (quotation marks and citation omitted; alterations in original).

### B. LAW AND ANALYSIS

"The powers of government are divided into three branches: legislative, executive and judicial. No person exercising powers of one branch shall exercise powers properly belonging to another branch except as expressly provided in this [C]onstitution." Const 1963, art 3, § 2. Our Court has explained that this doctrine does not require absolute separation of the branches of government:

> While the Constitution provides for three separate branches of government, the boundaries between these branches need not be airtight. In fact, in designing the structure of our Government and dividing and allocating the sovereign power among three co-equal branches, the Framers of the Constitution sought to provide a comprehensive system, but the separate powers were not intended to operate with absolute independence. The true meaning [of the separation-of-powers doctrine] is that the whole power of one of these departments should not be exercised by the same hands which possess the whole power of either of the other departments; and that such exercise of the whole would subvert the principles of a free Constitution. [*People v Cameron*, 319 Mich App 215, 232-233; 900 NW2d 658 (2017) (citation omitted; alteration in original).]

"If the grant of authority to one branch is limited and specific and does not create encroachment or aggrandizement of one branch at the expense of the other, a sharing of power may be constitutionally permissible." *Judicial Attorneys Ass'n v State*, 459 Mich 291, 296; 586 NW2d 894 (1998).

The Michigan Vehicle Code, MCL 257.1 *et seq.*, includes provisions that limit disclosure of certain information. For example, MCL 257.227(4),[1] states in relevant part:

> Vehicle policy information submitted by an insurer and received by the secretary of state under this subsection is confidential, is not subject to the freedom of information act . . . and shall not be disclosed to any person except the department of community health . . . or under an order by a court of competent jurisdiction in connection with a claim or fraud investigation or prosecution.

Defendant argues on appeal that the SOS violated this provision by apparently disclosing "confidential" policy information to LEIN. He asserts a violation of the separation-of-powers doctrine because the Legislature expressly limited the entities to whom the SOS could disclose vehicle policy information.

At the outset, we disagree that this is a separation-of-powers issue. A division of government does not violate the separation of powers by simply violating a statute. Rather, there must be evidence one branch of government impermissibly encroached upon the authority vested in another branch. Const 1963, art 3, § 2. There is no such evidence in this case.

Moreover, other than an unsubstantiated media report, defendant offers no authority for the proposition the SOS disclosed the vehicle insurance information to LEIN. Indeed, defendant acknowledges that the "mechanism" for disclosure of insurance information to LEIN "has not yet been determined." Given our review of this issue is for plain error, any alleged statutory violation must be plain or obvious. *Cain*, 498 Mich at 116. We discern no plain error of the cited statutes where it is unclear how vehicle policy information has been disclosed to law enforcement.

Finally, even if we agreed the SOS improperly disclosed confidential vehicle insurance information to the LEIN network, we could not reverse the trial court's denial of the motion to suppress. Indeed, *Mazzie* addressed this very issue, stating that the confidentiality statutes "provide no remedy for a violation of the confidentiality requirements, the [SOS] is not a party to [the] action, and application of the exclusionary rule was improper based on this perceived statutory violation." *Mazzie*, 326 Mich App at 289. As discussed, *Mazzie* is a published decision and defendant offers no explanation why we should not follow its precedent. MCR 7.215(C)(2); see *Masi*, ___ Mich App, at ___ n 6; slip op at 9. Thus, we reject defendant's tortured attempt to apply the exclusionary rule to alleged violations by the SOS.

---

[1] MCL 500.3101a(2) of the Insurance Code of 1956, MCL 500.100 *et seq.*, includes a similar provision.

Given these considerations, we decline to apply error to the trial court's decision to allow LEIN information at trial indicating that the car was uninsured.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

Finally, defendant contends that defense counsel was ineffective for only challenging the insurance information as unreliable without referring to the alleged separation-of-powers issues. He also believes defense counsel was ineffective because he failed to investigate how long defendant was in the car before it was stopped, and failed to investigate the layout of the car's backseat, particularly the transmission hump. We disagree with both arguments.

## A. STANDARD OF REVIEW

A defendant's ineffective assistance of counsel claim "is a mixed question of fact and constitutional law." *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). This Court reviews the trial court's findings of fact for clear error, while it reviews questions of law de novo. *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012).

## B. LAW AND ANALYSIS

Criminal defendants are constitutionally entitled to effective assistance of counsel. US Const, Am VI; see also Const 1963, art 1, § 20. To obtain a new trial, a defendant must establish that "(1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *Trakhtenberg*, 493 Mich at 51. A defendant must "overcome the strong presumption that counsel's performance was born from a sound trial strategy." *Id*. at 52. However, this Court "cannot insulate the review of counsel's performance by calling it trial strategy." *Id*.

"The inquiry into whether counsel's performance was reasonable is an objective one and requires the reviewing court to determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *People v Vaughn*, 491 Mich 642, 670; 821 NW2d 288 (2012) (quotation marks and citation omitted). "This standard requires a reviewing court to affirmatively entertain the range of possible reasons . . . counsel may have had for proceeding as they did." *Id*. (quotation marks and citation omitted; alteration in original). This Court will not substitute its own judgment for that of counsel or use the benefit of hindsight in assessing the defense counsel's competence. *People v Unger*, 278 Mich App 210, 242-243; 749 NW2d 272 (2008). Defense counsel is not ineffective merely because a trial tactic did not succeed. *People v Stewart*, 219 Mich App 38, 42; 555 NW2d 715 (1996). However, defense counsel's conduct can amount to ineffective assistance when he fails to conduct a reasonable investigation. *Trakhtenberg*, 493 Mich at 51-55.

We disagree with defendant's assertion counsel was ineffective for failing to raise a pointless separation-of-powers challenge. Again, a statutory violation does not necessarily violate the separation-of-powers doctrine. Had counsel raised this issue in the trial court, it would have been meritless. "Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel." *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

Likewise, defense counsel was not ineffective for failing to investigate and incorporate into his argument the distance that defendant traveled in the car and the layout of the backseat. Defendant asserts that defense counsel could have obtained an aerial photograph or map of the area to show the distance traveled and obtained a photo of the backseat of a similar car to present at trial to emphasize that defendant could not have known about the weapons in the car. However, a review of the record indicates that defense counsel did investigate these issues, and he incorporated them into his trial strategy.

Defense counsel questioned the officers about the length of time that defendant traveled in the car and how the length of travel would have affected defendant's knowledge that the firearms were in the backseat with him. He developed the testimony that the officers followed the car for at best a couple minutes before initiating a traffic stop. Defense counsel also elicited testimony about the dome light and transmission hump. He asked two officers if the dome lights were working and confirmed that the dome lights should not remain on once the door shut. He questioned one officer about the size of the transmission hump, which the officer described as small. On the basis of the record, defense counsel's strategy was sound. Defense counsel likely determined that further emphasis on the transmission hump would be trivial and further testimony about the size of the transmission hump would have little impact on defendant's ability to see the weapons. Defendant's claim that defense counsel should have also presented evidence depicting the layout of the backseat does not overcome the strong presumption that counsel acted effectively. *Trakhtenberg*, 493 Mich at 52.

Affirmed.

/s/ Thomas C. Cameron
/s/ Christopher M. Murray
/s/ Michael F. Gadola

-6-