*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellant,

v

BROOKE LYNN WATSON,

      Defendant-Appellee.

UNPUBLISHED
November 30, 2023

No. 362118
Jackson Circuit Court
LC No. 22-001349-AR

Before: GLEICHER, C.J., and SWARTZLE and YATES, JJ.

PER CURIAM.

Defendant was a passenger in a vehicle that was stopped for excessive noise coming from the exhaust. A Taser was found in defendant's purse during a search, and defendant was arrested for the illegal possession of that Taser because she did not have a valid concealed pistol license. The district court dismissed the charge during the preliminary-examination hearing, and the circuit court affirmed the district court's dismissal. We reverse for proceedings consistent with this opinion.

## I. BACKGROUND

Michigan State Trooper Nicholas Radke was the police officer that conducted the traffic stop, and he testified during the preliminary examination that he stopped the vehicle because of the excessive noise coming from the vehicle's muffler. The driver of the vehicle subsequently told Trooper Radke that there was something wrong with the muffler. Trooper Radke explained that the muffler was excessively loud based on his experience, and he did not know whether the decibel level of the noise was loud enough to violate any statute.

Trooper Radke noticed that three individuals were in the vehicle when he approached it by himself, and he saw defendant sitting in the backseat with a purse on her lap. The driver told him that she did not have her driver's license and that she had borrowed the vehicle from a family that Trooper Radke had several interactions with concerning drug-related activity. Trooper Radke told the individuals to exit the vehicle, and he testified that he received consent to search the vehicle from the driver. Defendant told Trooper Radke that the purse was hers, and Trooper Radke testified that defendant gave him consent to search her purse. Trooper Radke found a Taser in

-1-

defendant's purse, and defendant told him that it was her Taser. Defendant did not have a registered concealed pistol license for the Taser.

The district court dismissed defendant's charge because it held that the traffic stop was questionable, Trooper Radke was unable to articulate how loud the muffler was, and defendant had not caused a reason for Trooper Radke to be suspicious of her. Further, the district court held that Trooper Radke did not have the right to ask defendant for consent to search her purse.

The prosecutor appealed the district court's decision to the circuit court, and the circuit court held that the district court did not abuse its discretion because the decision was based on observing Trooper Radke's testimony while finding that he was not credible.

The prosecutor now appeals by leave granted. *People v Watson*, unpublished order of the Court of Appeals, entered December 21, 2022 (Docket No. 362118).

## II. ANALYSIS

A decision to bind over a defendant on the basis of sufficiency of the evidence is reviewed for an abuse of discretion. *People v Flick*, 487 Mich 1, 9; 790 NW2d 295 (2010). In reviewing a decision to bind over a defendant for trial, a circuit court must consider the entire record of the preliminary examination. *People v Henderson*, 282 Mich App 307, 312-313; 765 NW2d 619 (2009). The circuit court may not substitute its judgment for that of the district court judge and may reverse only if it appears on the record that the district court judge abused his or her discretion. *Id*. at 313.

"[T]his Court reviews de novo the bindover decision to determine whether the district court abused its discretion, giving no deference to the circuit court's decision." *People v Norwood*, 303 Mich App 466, 468; 843 NW2d 775 (2013) (cleaned up). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *People v Waterstone*, 296 Mich App 121, 131-132; 818 NW2d 432 (2012). A trial court necessarily abuses its discretion when it makes an error of law. *People v Giovannini*, 271 Mich App 409, 417; 722 NW2d 237 (2006).

"[T]o effectuate a valid traffic stop, a police officer must have an articulable and reasonable suspicion that the vehicle or one of its occupants is subject to seizure for a violation of law." *People v Hyde*, 285 Mich App 428, 436; 775 NW2d 833 (2009). "[O]n reasonable grounds shown, a police officer may stop and inspect a motor vehicle for an equipment violation." *People v Williams*, 236 Mich App 610, 612; 601 NW2d 138 (1999), citing MCL 257.683(2). "The reasonableness of an officer's suspicion is determined on a case-by-case basis in light of the totality of the facts and circumstances." *People v Jones*, 260 Mich App 424, 429; 678 NW2d 627 (2004) (cleaned up). An officer may make reasonable inferences on the basis of his or her experience when assessing the totality of the circumstances, *id*., but his subjective intent is irrelevant, *People v Dillon*, 296 Mich App 506, 509; 822 NW2d 611 (2012). "Reasonable suspicion entails something more than an inchoate or unparticularized suspicion or 'hunch,' but less than the level of suspicion required for probable cause." *People v Champion*, 452 Mich 92, 98; 549 NW2d 849 (1996) (cleaned up).

In this case, Trooper Radke testified that he heard the volume of the exhaust system, it was excessively loud based on his experience, and the driver had later told him that there was something wrong with the muffler. Trooper Radke's testimony confirmed that he had a reasonable suspicion to believe that the exhaust system was defective and producing noise that was excessively loud. As this Court has explained in several unpublished opinions,[1] ascertaining whether a vehicle is producing the exact decibel level to constitute a violation is not necessary to effectuate a legal stop because "searches and seizures based on mistakes of fact can be reasonable." *Heien v North Carolina*, 574 US 54, 60-61; 135 S Ct 530; 190 L Ed 2d 475 (2014). Trooper Radke was not required to articulate the decibel level to conduct a legal traffic stop. Thus, when considering the totality of the circumstances of the traffic stop, the district court abused its discretion when it found that Trooper Radke did not have reasonable suspicion to stop the vehicle because he could not articulate the decibel level.

The district court then dismissed defendant's charge on the basis that Trooper Radke conducted impermissible searches even though he provided uncontested testimony that both the driver and defendant gave their consent to the searches. The validity of consent is determined under the totality of the circumstances. *People v Borchard-Ruhland*, 460 Mich 278, 294; 597 NW2d 1 (1999). The trial court's factual determinations regarding the validity and scope of consent are reviewed for clear error, with deference given to the trial court's resolution of conflicting evidence and witness credibility. *People v Farrow*, 461 Mich 202, 208-209; 600 NW2d 634 (1999); *People v Dagwan*, 269 Mich App 338, 342; 711 NW2d 386 (2005). A finding is clearly erroneous if, after reviewing the entire record, this Court is left with a definite and firm conviction that a mistake was made. *Dagwan*, 269 Mich App at 342.

As explained, Trooper Radke conducted a lawful traffic stop after having a reasonable suspicion related to the vehicle's excessive noise. The driver told Trooper Radke that she did not have her driver's license and that she borrowed the car from a family that Trooper Radke had suspicions of being involved in drug-related activities. The totality of the circumstances warranted further investigation and, accordingly, defendant was not being unlawfully detained. *Williams*, 472 Mich at 317. "Further detention or search must be based on *consent* or probable cause." *People v Rosales*, 406 Mich 624, 629; 281 NW2d 126 (1979) (emphasis added). Trooper Radke testified that the driver consented to a search of the vehicle and defendant consented to a search of her purse. No evidence was introduced to establish that the consent was invalid. Thus, we are left with a definite and firm conviction that a mistake was made, when the district court held that Trooper Radke conducted impermissible searches, because the driver and defendant gave independent consent to the searches.

Lastly, the primary function of a preliminary examination is to determine whether there is probable cause that defendant committed a criminal act. *People v Plunkett*, 485 Mich 50, 57; 780

---

[1] See, e.g., *People v Nadeau*, unpublished per curiam opinion of the Court of Appeals, issued March 22, 2018 (Docket No. 336853), pp 3-4; *People v Lamar*, unpublished per curiam opinion of the Court of Appeals, issued December 20, 2016 (Docket No. 328729), p 4; *People v Militello*, unpublished per curiam opinion of the Court of Appeals, issued February 1, 2011 (Docket No. 295104), pp 2-3.

NW2d 280 (2010). Probable cause is established by "evidence sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the defendant's guilt." *Id.* (cleaned up). "To establish that a crime has been committed, a prosecutor need not prove each element beyond a reasonable doubt, but he must present some evidence of each element." *Henderson*, 282 Mich App at 312 (cleaned up).

In this case defendant was charged with the illegal possession of a Taser under MCL 750.224a, which states that a person shall not possess "a portable device or weapon from which an electrical current, impulse, wave, or beam may be directed, which current, impulse, wave, or beam is designed to incapacitate temporarily, injure, or kill," MCL 750.224a(1), unless the person "holds a valid license to carry a concealed pistol under section 5b of 1927 PA 372, MCL 28.425, and . . . has been trained under [MCL 750.224a(5)] in the use, effects, and risks of the device." MCL 750.224a(2)(b).

Trooper Radke testified that he saw a purse on defendant's lap when he approached the vehicle, and the subsequent search of that purse revealed a Taser. Defendant acknowledged that the Taser was hers, and various attempts to locate a valid concealed pistol license were unsuccessful. Thus, the district court erred by dismissing defendant's charge because probable cause was presented to substantiate the charge.

## III. CONCLUSION

Trooper Radke's testimony established that he had reasonable suspicion to conduct a traffic stop after hearing the excessive noise from the vehicle. Further, he obtained consent to search the vehicle and defendant's purse, and defendant did not have a concealed pistol license for the Taser that Trooper Radke found during the search. Thus, the district court erred by dismissing defendant's charge.

Reversed for proceedings consistent with this opinion.

/s/ Elizabeth L. Gleicher
/s/ Brock A. Swartzle
/s/ Christopher P. Yates