*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

RICARDO CRUZ,

      Defendant-Appellant.

UNPUBLISHED
October 15, 2024
1:42 PM

No. 368051
Van Buren Circuit Court
LC No. 2022-023554-FH

Before: SWARTZLE, P.J., and REDFORD and FEENEY, JJ.

PER CURIAM.

Officers attempted to pull over defendant after running the license plate on the vehicle that he was driving. Defendant argues that the suspicionless search of the license plate was improper and that his trial counsel was, accordingly, ineffective for failing to challenge it. We affirm.

In January 2022, officers ran a routine check of the license plate on the vehicle that defendant was driving and found that it did not match the vehicle to which it was attached. When officers attempted to pull over defendant, he fled. Defendant was ultimately stopped, and officers searched the car, finding methamphetamine and a loaded magazine cartridge. Officers found that the vehicle was registered to one woman, and the license plate was registered to another woman.

At trial, a jury found defendant guilty of several offenses, and returned a hung verdict on one count of possession with intent to deliver methamphetamine. Defendant later pleaded guilty to a reduced charge of possession of methamphetamine. Defendant subsequently moved for a new trial and to withdraw his guilty plea, arguing that that the trial court erred by failing to suppress evidence from the search and that defense counsel was ineffective for failing to challenge the license-plate search. After a hearing, the trial court denied defendant's motions.

Defendant now appeals.

Although defendant later moved for a new trial, defendant did not raise a Fourth Amendment challenge before or at trial; therefore, his argument that the trial court failed to suppress the evidence is not preserved. See *People v Thorpe*, 504 Mich 230, 252; 934 NW2d 693

(2019). To establish that relief is warranted from an unpreserved error, defendant must show a plain error affected his substantial rights. See *id*.

The United States and Michigan Constitutions each guarantee the right of a person to be secure against unreasonable searches and seizures. US Const, Am IV; Const 1963, art 1, § 11. "Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted." *Alderman v United States*, 394 US 165, 174; 89 S Ct 961; 22 L Ed 2d 961 (1969). "Fourth Amendment interests are only implicated when the government infringes a person's reasonable expectation of privacy." *People v Jones*, 260 Mich App 424, 428-429; 678 NW2d 627 (2004). See also *People v Lombardo*, 216 Mich App 500, 504-505; 549 NW2d 596 (1996).

Defendant was driving a vehicle that belonged to one person, with a license plate that belonged to another person. Accordingly, defendant did not have a legitimate expectation of privacy in the license plate and may not challenge the officers' check of the plate. See *People v Armendarez*, 188 Mich App 61, 71; 468 NW2d 893 (1991).

Regardless, this Court has held that there is not "a reasonable expectation of privacy in a license plate openly displayed on a vehicle." *Jones*, 260 Mich App at 428-429. Accordingly, "a suspicionless check of a license plate number is not a search." *Id*. at 429. Defendant argues that this Court should reconsider this holding because of technology advances and the 2020 amendment to Article 1, § 11 of Michigan's 1963 Constitution, which added electronic data and communications to places and things that are protected from unreasonable searches and seizures. Because there was no reasonable expectation of privacy in the license plate, however, and the check of the license-plate number did not constitute a search, this Court need not reassess *Jones*.

Defendant further argues that trial counsel was ineffective for failing to challenge the license-plate check and then advising defendant to accept a guilty plea. "Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel." *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010). Because officers did not violate defendant's Fourth Amendment rights, a motion to suppress evidence on the basis of the suspicionless check would have been futile. Defendant cannot, accordingly, show that trial counsel's performance was deficient or that the performance prejudiced him. See *People v Taylor*, 275 Mich App 177, 186; 737 NW2d 790 (2007).

Affirmed.

/s/ Brock A. Swartzle
/s/ James Robert Redford
/s/ Kathleen A. Feeney